Argued and submitted November 25, 1997, affirmed June 10, petition for review denied October 28, 1998 (327 Or 621)

In the Matter of the Compensation of
Lisa A. Hiner, Claimant.

Lisa A. HINER,
*Petitioner,*

*v.*

CRAWFORD HEALTH & REHABILITATION,
*Respondent.*

(95-11008; CA A96402)

961 P2d 283

James L. Edmunson argued the cause for petitioner. With him on the brief was Cole, Cary & Wing, P.C.

Kevin L. Mannix argued the cause for respondent. On the brief were Patricia Nielsen and Mannix, Nielsen & Crawford, P.C.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Claimant seeks review of an order of the Workers' Compensation Board affirming employer's denial of her aggravation claim. We review for substantial evidence and errors of law, *see* ORS 183.482(8), and affirm.

Claimant was involved in a work-related car accident on September 19, 1990. She filed a workers' compensation claim for the accident, which was accepted by employer as a nondisabling injury claim. Claimant received medical services for her injuries during the next year.

In October 1991, claimant also began seeking psychological treatment and, in early 1992, she began seeking medical treatment for chronic neck and back strain, fibromyalgia and thoracic outlet syndrome. On March 9, 1992, and June 25, 1992, employer sent claimant "partial denials" that denied the compensability, "in connection with her September 19, 1990 injury claim," of her "thoracic outlet syndrome, her current neck and back condition, including fibromyalgia and her psychological condition."

Claimant requested a hearing on the denial. At the hearing, claimant agreed that her claim was for nondisabling injuries,[1] but objected to employer's conclusion that the conditions it had denied were unrelated to her 1990 injury. On

---

[1] At the outset of the 1993 hearing, the ALJ noted that claimant's claim had been classified as nondisabling and stated that the issue in the hearing was whether certain conditions were compensably related to the 1990 injury. Claimant's attorney agreed to the ALJ's characterization of the issue. Near the end of claimant's testimony, her attorney again specifically noted that claimant's injuries were nondisabling. He had the following colloquy with the ALJ:

Attorney: "We also covered [in the telephone conference that claimant] hadn't taken time off of work for this. It was nondisabling."

ALJ: "Right. I think I mentioned that at the outset of the hearing."

Attorney: "I [didn't] know if you needed further confirmation of it."

ALJ: "That at this point it's still a nondisabling claim."

Claimant's attorney then elicited the following testimony from claimant:

Attorney: "You haven't taken any time off of work for this?"

Claimant: "Not on Workers' Comp[ensation]."

Attorney: "What have you taken?"

Claimant: "I took sick days and vacation days."

March 31, 1993, the ALJ issued an order concluding that the conditions were compensably related to the 1990 claim:

"IT IS THEREFORE ORDERED that [employer's] March 9, 1992 and June 25, 1992 partial denials, as clarified at the March 31, 1993 hearing, are set aside. Claimant's September 19, 1990 injury claim with [employer] is hereby remanded to [employer] for acceptance, in connection with said claim, of the compensability of her cervical/lumbar strain conditions, fibromyalgia, and thoracic outlet syndrome, for which she has received medical services since early 1992, and for acceptance, in connection with her 1990 injury claim, of the psychological conditions for which claimant has received medical services since October 1991."

Employer sought review of that decision and the Board affirmed the order of the ALJ. Effective March 17, 1995, this court affirmed, without opinion, the order of the Board. After entry of the appellate judgment, employer began paying, and continued to pay, for the medical services related to the conditions at issue in those proceedings.

Claimant had continued to work and to require medical services throughout the appeal of the partial denials. In May 1995, one of her physicians, Dr. Morris, noted that claimant's conditions seemed to be stabilizing. She continued to be treated by Morris throughout the summer, and on September 11, 1995, he reported that claimant was more comfortable but continued to need treatment. On September 14, 1995, claimant saw another physician, Dr. Carter. At that time, claimant "reported worsening pain in her neck, right shoulder, right arm and low back" and Carter believed that claimant's depression was worse than it had been when he had seen her in September 1993. In late September 1995, claimant's symptoms increased and on October 5, 1995, claimant quit working because of her various chronic conditions. She continued to receive medical services from Morris and Carter.

On December 8, 1995, Morris signed a notice of an aggravation claim. Claimant signed the form on December 21, 1995, and employer received it on or before January 2, 1996. On January 10, 1996, employer sent claimant a letter

denying her aggravation claim. Claimant requested a hearing.

An ALJ upheld the denial of claimant's aggravation claim after a hearing. On Board review of that decision, claimant made several arguments. First, she challenged the initial processing of her claim in 1990. Citing ORS 656.319(6), the Board rejected that argument as time barred. She also argued that employer had failed to process her claim properly after the entry of the appellate judgment. The Board rejected that argument, too.

Next, claimant asserted that her claim had become disabling and needed to be reclassified as such. Claimant argued that she did not have to establish an aggravation in order to have her claim reclassified and presented evidence that her claim had been disabling since as early as 1992. She argued that, even if she did have to prove an aggravation, she had established one in the 1993 hearing. The Board concluded that claimant had to prove an aggravation in order to have her claim reclassified. Under ORS 656.277(2) and ORS 656.273(4)(b), it concluded that claimant had to file that aggravation claim within five years of her accident, which meant that the claim had to have been filed by September 19, 1995. The Board found that claimant had not made an aggravation claim at or before the 1993 hearing, nor had she filed any other aggravation claim before her aggravation rights expired. Finally, the Board rejected claimant's argument that it should impose a penalty against employer.

■ Claimant sought judicial review. On review, she assigns error to the Board's conclusion that she can neither file an aggravation nor get her 1990 nondisabling claim reclassified after September 19, 1995. We review the Board's conclusion for errors of law. *See* ORS 183.484(8)(a).

ORS 656.277 dictates the procedures that a claimant must follow in order to have a claim reclassified as disabling. ORS 656.277(1) provides:

> "If *within one year after the injury*, the worker claims a nondisabling injury originally was or has become disabling, the insurer or self-insured employer, upon receiving notice or knowledge of such a claim shall report the claim to the

Director of the Department of Consumer and Business Services for determination pursuant to ORS 656.268."

(Emphasis supplied.) ORS 656.277(2) provides:

"A claim that a nondisabling injury originally was or has become disabling, if made *more than one year after the date of injury*, shall be made pursuant to ORS 656.273 as a claim for aggravation."

(Emphasis supplied.) In 1990, claimant's claim for her September 19, 1990, injury was accepted as a nondisabling claim. Although it appears that employer did not process the claim correctly in 1990, at the March 1993 hearing claimant acknowledged that her claim had been classified as nondisabling. She did not object to that classification, nor did she object to employer's processing of her claim. Thus, in 1993, two and a half years after her injury, claimant affirmed that her 1990 claim had been classified as nondisabling and that it had had that status for more than one year. ORS 656.277(2) applies to such claims. Therefore, any attempt by claimant to have her claim reclassified is tied to her ability to establish an aggravation pursuant to ORS 656.273. ORS 656.273 limits the time within which a claimant in claimant's position can file an aggravation claim to five years from the date of injury. ORS 656.273(4)(b).[2] In this case, claimant's injury occurred on September 19, 1990, so claimant had until September 19, 1995, to file an aggravation claim.

■     Claimant argues that the limitation created by ORS 656.277(2) and ORS 656.273(4)(b) should not apply to her case because employer failed to process her claim properly after the entry of the appellate judgment. We disagree. Even if we assume that employer failed to process claimant's claim properly after the entry of the appellate judgment, that does not affect the application of ORS 656.277(2) to claimant's claim. Her claim for her 1990 injury was accepted as nondisabling in 1990. It had that classification for more than a year. ORS 656.277(2) squarely applies to the reclassification of

[2] ORS 656.273(4)(b) provides:

"If the injury has been in a nondisabling status for one year or more after the date of injury, the claim for aggravation must be filed within five years after the date of injury."

that claim. Moreover, claimant was aware of her claim's classification. Unless and until she had affirmative knowledge that her 1990 claim had been reclassified as disabling, she had to operate under the assumption that it remained classified as nondisabling. In other words, she had to operate under the assumption that the five-year limitation for pursuing an aggravation claim, *see* ORS 656.277(2) and ORS 656.273(4)(b), applied to her claim. Any other conclusion would directly conflict with the legislature's decision, as expressed in ORS 656.277(2), to require a claimant to pursue a reclassification claim as an aggravation if the claimant's injury was considered nondisabling a year or more after the injury. Therefore, we conclude that the Board correctly held that claimant was barred from filing an aggravation claim, or from filing a claim to have her 1990 claim reclassified as disabling, after September 19, 1995.

■    Claimant argues that, even if ORS 656.277(2) and ORS 656.273(4)(b) apply to her claim, the Board erred when it found that neither the argument that she made in the 1993 hearing nor any of the medical reports that she had submitted to employer through September 1995 constituted an aggravation claim. We review the Board's findings for substantial evidence. *See* ORS 183.484(8)(c). According to the record, the parties, the ALJ, the Board and this court did not consider in the 1993 hearing or the proceedings that followed it whether claimant had suffered an aggravation. Rather, the issue in those proceedings was whether several denied conditions were compensably related to the 1990 injury claim. Moreover, the medical reports that were made prior to the 1993 hearing focus on causation, not aggravation. We conclude that the Board's finding that claimant did not raise an aggravation claim before or at the March 1993 hearing is supported by substantial evidence.

The Board also found that claimant did not file any other aggravation claim between March 1993 and September 1995. Under ORS 656.273(3), "[a] claim for aggravation must be in writing in a form and format prescribed by the director and signed by the worker or the worker's representative."[3]

---

[3] ORS 656.273(3) provides:

On review, claimant does not dispute that she did not file an aggravation claim that comports with that statute before September 19, 1995. Until July 1995, however, "[a] physician's report [that established a] worsened condition by written medical evidence supported by objective findings" was sufficient to make an aggravation claim. ORS 656.273(3) (since amended by Or Laws 1995, ch 332, § 31).[4] Claimant does dispute the Board's finding that none of the medical reports submitted on her behalf between March 1993 and July 1995 constituted aggravation claims under that standard. After reviewing the record in its entirety, we conclude that the Board's finding is supported by substantial evidence. Therefore, we affirm the Board's finding that claimant failed to file an aggravation claim before September 19, 1995, which was a necessary prerequisite to her request to have her claim reclassified.

We have considered claimant's other assignments of error and reject them without discussion.

Affirmed.

---

"A claim for aggravation must be *in writing in a form and format prescribed by the director and signed by the worker or the worker's representative.* The claim for aggravation must be accompanied by the attending physician's report establishing by written medical evidence supported by objective findings that the claimant has suffered a worsened condition attributable to the compensable injury."

(Emphasis supplied.)

[4] The amendments to ORS 656.273(3) changing the manner in which an aggravation claim could be filed became effective June 7, 1995. Or Laws 1995, ch 332, § 66(1). However, the director did not adopt a form for filing aggravation claims until July 5, 1995, *see* WCD Bulletin No 284 (July 5, 1995), so, as a practical matter, claimants could not have complied with the change in the law until July 1995.