Argued and submitted September 7, 2001, reversed and remanded for
reconsideration September 25, 2002

In the Matter of the Compensation of
Lisa A. Hiner, Claimant.

Lisa A. HINER,
*Petitioner,*

*v.*

CRAWFORD HEALTH & REHABILITATION,
*Respondent.*

00-00492; A113029

54 P3d 633

James L. Edmunson argued the cause for petitioner. With
him on the brief was Cole, Cary, Wing & Bloom, P.C.

Kevin L. Mannix argued the cause for respondent. On the
brief were Jenny Ogawa and Kevin L. Mannix, P.C.

Before Haselton, Presiding Judge, and Wollheim, Judge,
and Warren, Senior Judge.

WOLLHEIM, J.

WOLLHEIM, J.

Claimant seeks review of a Workers' Compensation Board order, contending that the board erred in holding that the 1997 amendments to ORS 656.262(7)(c) did not require a reopening of an originally nondisabling claim for the processing of new medical conditions. We review for errors of law, ORS 183.482(8), and reverse and remand.

In September 1990, claimant was injured in an automobile accident while working for employer. Employer accepted a nondisabling claim for head, neck, and low back injuries, and claimant received medical services for her injury. In late 1991, after the time for seeking to have the claim reclassified as disabling had expired, claimant began receiving treatment for several other conditions, including fibromyalgia and thoracic outlet syndrome (the 1991 conditions). In 1993, the board ordered employer to accept those conditions as a part of the original claim. We affirmed that order. *Crawford Health & Rehabilitation v. Hiner*, 131 Or App 757, 888 P2d 605 (1994). Thus, claimant's 1991 conditions are part of her workers' compensation claim.

In December 1995, claimant sought a reopening of the claim, either as an aggravation or to have it reclassified as disabling. We upheld employer's denial of the aggravation claim and refusal to reclassify the claim as disabling. *Hiner v. Crawford Health & Rehabilitation*, 154 Or App 380, 961 P2d 283, *rev den*, 327 Or 621 (1998).

In October 1999, claimant asked employer to reopen her claim to process the 1991 conditions as "new medical conditions" pursuant to ORS 656.262(7). That provision, as amended in 1995, provides that a claimant may initiate a "new medical condition claim" at any time.[1] As amended in

---

[1] The relevant portion of ORS 656.262(7)(a) was amended again in 2001. The version applicable here is the 1999 version, which provides:

"After claim acceptance, written notice of acceptance or denial of claims for aggravation or new medical conditions shall be furnished to the claimant by the insurer or self-insured employer within 90 days after the insurer or self-insured employer receives written notice of such claims. New medical condition claims must clearly request formal written acceptance of the condition and are not made by the receipt of a medical claim billing for the provision of, or requesting permission to provide medical treatment for the new condition. The

1997, ORS 656.262(7)(c) provides that, if a condition is found to be compensable after claim closure, "the insurer or self-insured employer shall reopen the claim for processing regarding that condition." In claimant's view, the 1991 conditions were new medical conditions and, despite the nondisabling status of the original claim, ORS 656.262(7)(c) requires that the claim be reopened so that the new medical conditions can be processed.

The 1995 and 1997 amendments were both expressly "fully" retroactive. Both amendments apply "to all claims or causes of action existing or arising on or after the effective date of this Act, regardless of the date of injury or the date a claim is presented." Or Laws 1995, ch 332, § 66; Or Laws 1997, ch 605, § 2. The 1995 legislation contained an exception to retroactivity for "any matter for which an order or decision has become final on or before the effective date of this Act." Or Laws 1995, ch 332, § 66(5)(a). The 1997 legislation did not contain any such exception.

The board did not reach the merits of claimant's contention that her original claim should be reopened for processing the 1991 conditions because it concluded that the 1997 amendment to ORS 656.262(7) requiring employers to reopen claims for the processing of new medical conditions was not applicable to claimant's claim. Relying on its order in *Larry L. Ledin*, 52 Van Natta 682 (2000), *aff'd, SAIF v. Ledin*, 174 Or App 61, 23 P2d 411 (2001), the board held that the 1997 amendment applies to a new medical condition claim made before the amendments became effective only if the claim was the subject of litigation and was not finally found to be compensable until after the amendment became effective. Because claimant's 1991 conditions were finally determined to be compensable before the effective date of the amendments, the board held that the amendment does not provide a basis for reopening the claim.

---

worker must clearly request formal written acceptance of any new medical condition from the insurer or self-insured employer. The insurer or self-insured employer is not required to accept each and every diagnosis or medical condition with particularity, so long as the acceptance tendered reasonably apprises the claimant and medical providers of the nature of the compensable conditions. Notwithstanding any other provision of this chapter, the worker may initiate a new medical condition claim at any time."

As we have noted, Oregon Laws 1997, chapter 605, section 2, provided that the amendments to ORS 656.262 "apply to all claims or causes of action *existing* or arising on or after the effective date of this Act * * *." (Emphasis added.) The disagreement in this case centers around the meaning of the word "existing." "Existing" is the present participle of "exist" and means "to have being in space or time." *Webster's Third New Int'l Dictionary* 796 (unabridged ed 1993). As the board understands it, a new medical condition claim was "existing" on the effective date of the 1997 Act only if the compensability of the claim was pending *in litigation* on that date. We agree with claimant that the board's interpretation of the retroactivity clause is too narrow. Under the board's interpretation, a new medical condition claim that has been perfected under ORS 656.262(7) and that has been determined to be compensable is not "existing," if its compensability was not pending in litigation on the effective date of the Act. That reading would, in direct contradiction of the express terms of the Act, exclude from coverage the vast number of new medical conditions that are acknowledged to be compensable but that, due to some technical snare, have not resulted in a reopening of the original claim for processing. In our view, a new medical condition claim was "existing" if, on the effective date of the Act, it was perfected under the terms of ORS 656.262(7) and was as yet unprocessed or was pending in litigation.[2] We remand this case to the board for it to reconsider, in light of our holding, whether claimant's 1991 conditions are subject to the 1995 and 1997 amendments to ORS 656.262(7) regarding new medical conditions.

Reversed and remanded for reconsideration.

---

[2] In *Volk v. America West Airlines*, 135 Or App 565, 570, 899 P2d 746 (1995), *rev den*, 322 Or 645 (1996), we quoted from the testimony of then-Representative Kevin Mannix, a sponsor of the 1995 legislation, as to the meaning of the retroactivity provision: " '[T]his law applies to everything no matter where it is unless you have already been to court, had it decided and there's a decision been rendered and the decision is not subject to being appealed anymore.' " Tape Recording, Senate Committee on Labor and Government Operations, SB 369, February 17, 1995, Tape 49, Side B, Statement of then-Representative Mannix.