Argued and submitted September 25, 1998, reversed and remanded March 3, petitioner's petition for reconsideration filed March 17 allowed by opinion May 19, 1999
See 160 Or App 576 (1999)

In the Matter of the Compensation of
Joe M. Mann, Claimant.

LABOR READY, INC.,
*Petitioner,*

*v.*

Joe M. MANN,
*Respondent.*

(WCB 96-01194; CA A100900)

976 P2d 89

Wade R. Keenon argued the cause for petitioner. On the brief was Patrick D. Gilroy.

Floyd H. Shebley argued the cause and filed the brief for respondent.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

LINDER, J.

**LINDER, J.**

Employer seeks review of a unanimous en banc order of the Workers' Compensation Board (Board) holding that employer had a duty to pay interim compensation to claimant pending acceptance or denial of claimant's claim for a "new medical condition." We agree with the Board that claimant was entitled to interim compensation pending acceptance or denial of his claim. We conclude, however, that the new medical condition claim was made on September 26, 1996, by a letter from claimant's attorney, rather than on August 8, 1996, in a telephone conversation between claimant's physician and employer's insurer. Accordingly, we reverse the Board in part and remand the case for an award of interim compensation beginning the 14th day after employer received the September 26, 1996, letter.

Claimant was injured at work in January 1995, when he fell from a roof. Employer accepted a claim for rib fractures, finger dislocation, and a closed head injury. Claimant was declared medically stationary in July 1995, and the claim was closed by a determination order on September 8, 1995, with an award of temporary total disability (TTD) benefits. The determination order was affirmed in an order on reconsideration, and claimant did not seek a hearing.

1. After claim closure, claimant was hospitalized for a seizure. On December 20, 1995, employer denied a claim for a seizure disorder.[1] Subsequently, claimant was diagnosed with post-traumatic headaches and post-traumatic vestibular dysfunction. On August 8, 1996, claimant's attending physician, Dr. So, had a telephone conversation with employer's attorney and advised the attorney that claimant's post-traumatic headaches and post-traumatic vestibular dysfunction were related to the accepted closed head injury and that claimant would be unable to return to work pending therapy over the next 12 months. In a letter dated September 26, 1996,[2] claimant's attorney requested that employer "correct" its acceptance notice to include post-traumatic headaches and post-traumatic vestibular dysfunction. The parties

---

[1] That claim is not a part of this proceeding.

[2] ORS 656.262(6)(d), enacted in 1995, requires the claimant to provide to the employer written communication regarding objections that "a condition has been

agreed to process the September 26 letter as a "new medical condition claim." Claimant also filed a claim for aggravation. Employer has neither accepted nor denied the compensability of claimant's headache and vestibular disorders and has not paid interim compensation pending its decision to accept or deny the newly diagnosed conditions. The question for our review is whether employer had a duty to begin paying interim compensation. We conclude that it did and that its obligation to do so was triggered by claimant's attorney's letter of September 26, 1996.

The parties agree that claimant's claim is to be treated as a claim for a "new medical condition" under ORS 656.262(7)(a), as distinct from a claim for aggravation or an initial claim for compensation. In *Johansen v. SAIF*, 158 Or App 672, 976 P2d 84 (1999), we rejected the insurer's contention that a new medical condition claim has no existence independent of the original claim and does not give rise to a processing obligation independent of the original claim. With that background in mind, we consider employer's contention that the Board erred in holding that an employer must pay interim compensation pending its acceptance or denial of a claim for a new medical condition.

Employer asserts that, because ORS 656.262(7) does not specifically provide for the payment of TTD or interim compensation on a claim for a new medical condition, no such compensation is applicable. We reject that contention. As we held in *Johansen*, the duty to pay benefits for TTD on a new medical condition claim, although not expressly referred to in ORS 656.262(7), is encompassed within ORS 656.262(4)(a), which provides:

> "The first installment of temporary disability compensation shall be paid no later than the 14th day after the subject employer has notice or knowledge of the claim, if the attending physician authorizes the payment of temporary disability compensation."

When a claim has neither been accepted nor denied, the benefits for temporary disability that the employer must begin to

incorrectly omitted from a notice of acceptance, or that the notice is otherwise deficient."

pay no later than the 14th day after notice of the claim are known as "interim compensation." *Jones v. Emanuel Hospital*, 280 Or 147, 570 P2d 70 (1977). The statutory language provides no basis to exclude the new medical condition claim from the requirement that interim compensation must be paid on a claim pending acceptance or denial.

The parties agree that claimant's attorney's letter of September 26, 1996, satisfied the requirements of ORS 656.262(7)(a) for a claim for a new medical condition. Employer's receipt of the letter triggered employer's obligation to pay interim compensation pending acceptance or denial of the claim.

■ We reject claimant's contention and the Board's holding that employer's telephone conversation with claimant's treating physician on August 8, 1996, constituted a claim for a new medical condition. Even assuming that the conversation constituted a claim under ORS 656.005(6), it did not satisfy the requirement for a claim for a new medical condition under ORS 656.262(7)(a) by providing notice of the new medical condition and clearly requesting acceptance of it. The September 26, 1996, letter, however, adequately did so. Claimant's entitlement to interim compensation, therefore, began no later than the 14th day after employer received claimant's attorney's letter of September 26, 1996.

Employer misreads the Board's order to hold that whether claimant is entitled to interim compensation depends on whether ORS 656.262(7)(c) requires the reopening of an original claim upon the making of a new medical condition claim. As enacted by the legislature in 1997, ORS 656.262(7)(c) provides:

> "When an insurer or self-insured employer determines that the claim qualifies for claim closure, the insurer or self-insured employer shall issue at claim closure an updated notice of acceptance that specifies which conditions are compensable. * * * Any objections to the updated notice or appeal of denied conditions shall not delay claim closure pursuant to ORS 656.268. *If a condition is found compensable after claim closure, the insurer or self-insured employer shall reopen the claim for processing regarding that condition.*" (Emphasis added.)

We disagree that the emphasized language of ORS 656.262(7)(c) has any bearing on whether interim compensation must be paid pending acceptance or denial of a new medical condition claim. We reiterate that employer's obligation to pay interim compensation was triggered by the filing of a claim, after closure of the original claim, for which time loss was authorized under ORS 656.262(4)(a).

Reversed and remanded for an award of interim compensation beginning the 14th day after employer received claimant's attorney's letter of September 26, 1996.