Argued and submitted November 4, 1998, reversed and remanded March 3, respondents' petition for reconsideration filed March 17 allowed by opinion May 19, 1999

See 160 Or App 579 (1999)

In the Matter of the Compensation of
Paul D. Johansen, Claimant.

Paul D. JOHANSEN,
*Petitioner,*

*v.*

SAIF CORPORATION
and Patterson Plumbing,
*Respondents.*

(WCB 96-05209; CA A100445)

976 P2d 84

Edward J. Hill argued the cause for petitioner. With him on the brief was Carney, Buckley, Kasameyer & Hays.

David L. Runner argued the cause and filed the brief for respondents.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

LINDER, J.

**LINDER, J.**

Claimant seeks review of an order of the Workers' Compensation Board (Board), contending that the Board erred in determining that claimant is not entitled to benefits for temporary total disability (TTD) for an accepted back condition consisting of a herniated disc. We agree with claimant that the Board erred; we therefore reverse the Board's order and remand for an award of benefits.

Claimant suffered a compensable injury to his back in November 1993, which was accepted as a nondisabling claim for acute low back strain. In June 1995, claimant's attorney wrote to SAIF, stating:

> "I note that [claimant] has been diagnosed as of March 14, 1995 with a herniated nucleus pulposus at L4-5.* * * I also note that the SAIF Notice of Claim Acceptance issued November 9, 1993 only provides for SAIF's acceptance of a condition identified as 'Acute Back Strain.' At this time [claimant] makes additional claim for his herniated nucleus pulposus at L4-5. Please respond at your earliest convenience."

SAIF accepted the herniated disc claim on August 24, 1995, expressly accepting it as a part of the 1993 acute low back strain claim, and stating, "Benefits will be paid accordingly." Subsequently, SAIF declined to pay benefits for TTD, explaining that the disc claim had been accepted as a part of the original nondisabling injury and the claim remains in nondisabling status, because the one-year period for reclassifying the claim under ORS 656.277 had passed. Claimant requested a hearing, seeking benefits for TTD. The administrative law judge (ALJ) determined that claimant was entitled to benefits for time loss because, by mailing a copy of its notice of acceptance to the Workers' Compensation Division, SAIF tacitly acknowledged that the claim was disabling and that it is required to pay benefits accordingly. Further, the ALJ held that SAIF had neglected expressly to accept the claim as nondisabling, which is required to place the claim in nondisabling status.

The Board reversed the ALJ, holding that claimant was not entitled to benefits for TTD for two reasons: (1) the claim could not be reclassified from nondisabling to disabling under ORS 656.277, because more than one year had passed from the date of the injury, and (2) the documentation provided to employer was not sufficient to constitute an aggravation claim. On review, claimant asserts that when SAIF accepted the disc herniation, it accepted a claim for a "new medical condition" under ORS 656.262(7)(a), and that its acceptance requires processing of the claim pursuant to ORS 656.262, including payment of benefits for TTD.

■    The initial question that we address is the correct characterization and effect of claimant's attorney's letter of June 1995 making an "additional claim" for the herniated disc. The letter was received by employer after the back strain claim had been accepted as nondisabling. SAIF characterizes the letter as a claim to *reclassify* the original injury from nondisabling to disabling, pursuant to ORS 656.277. That statute provides:

> "Claims for nondisabling injuries shall be processed in the same manner as claims for disabling injuries, except that:

> "(1)   If within one year after the injury, the worker claims a nondisabling injury originally was or has become disabling, the insurer or self-insured employer, upon receiving notice or knowledge of such a claim, shall report the claim to the Director of the Department of Consumer and Business Services for determination pursuant to ORS 656.268.

> "(2)   A claim that a nondisabling injury originally was or has become disabling, if made more than one year after the date of injury, shall be made pursuant to ORS 656.273 as a claim for aggravation.

> "(3)   A claim for a nondisabling injury shall not be reported to the director by the insurer or self-insured employer except:

> "(a)   When a notice of claim denial is filed;

> "(b)   When the status of the claim is as described in subsection (1) or (2) of this section;

"(c)   When the worker objects to a decision that the injury is nondisabling and requests a determination thereon; or

"(d)   When otherwise required by the director."

SAIF asserted before the Board that the June 1995 letter is a claim under ORS 656.277, that the original nondisabling injury has become disabling, and that, because the letter was received by SAIF more than one year after the date of the injury, pursuant to ORS 656.277(2), it must be treated as a claim for aggravation under ORS 656.273. Furthermore, SAIF asserts, the letter does not provide adequate documentation of a medically verified inability to work resulting from a compensable worsening and, accordingly, it does not satisfy the requirements for an aggravation claim.

The Board, sitting en banc with two members dissenting, determined that SAIF was correct on each of its points—*i.e.*, that the claim for reclassification, having been made more than one year after the injury, must be treated as an aggravation claim and that the documentation was insufficient to satisfy the requirements of ORS 656.273 for the filing of an aggravation claim.

The two dissenting members did not dispute the majority's view about the requirements for *reclassification* of a claim. Rather, they concluded that claimant's June 1995 letter was not an attempt to reclassify the original claim, but was instead a claim for a "new medical condition," pursuant to ORS 656.262(7)(a); therefore, the dissent reasoned, the provisions of ORS 656.277 regarding reclassification of claims were not applicable. Further, the dissent reasoned, a new medical condition claim must be processed as any other new claim, and claimant was therefore entitled to temporary disability benefits.

On review, claimant generally adopts the dissenting Board members' analysis; SAIF generally takes the same position that it took before the Board. In its view, ORS 656.262(7)(a) does nothing more than set forth the 90-day time limitation for acceptance or denial of a new medical condition claim. Central to SAIF's position is its view that, read in the context of other statutes in ORS chapter 656, a "new

medical condition" claim under ORS 656.626(7)(a) is not an independent claim that triggers an independent processing obligation under ORS 656.262 and ORS 656.268. Rather, according to SAIF, it is a claim that exists merely as part of the original injury claim. Accordingly, SAIF asserts, a new injury claim must be processed and benefits paid with reference to the original claim and pursuant to the procedural, substantive, and time limitations of ORS 656.277 and ORS 656.273.

We begin our analysis with the texts and contexts of the relevant statutes. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). The provisions relating to claim processing are interrelated. An understanding of the new medical condition claim depends on an understanding of that relationship.

ORS 656.262 describes many of the processing obligations associated with workers' compensation claims. Subsection (4)(a) provides, in part:

> "The first installment of temporary disability compensation shall be paid no later than the 14th day after the subject employer has notice or knowledge of the claim, if the attending physician authorizes the payment of temporary disability compensation."

The subsection generally requires that compensation be paid no later than the 14th day after the employer has notice or knowledge of the claim. ORS 656.262 further specifies the procedures for the employer's acceptance or denial of the claim, as well as a process by which the claimant can dispute the scope of an acceptance:

> "(6)(a)   Written notice of acceptance or denial of the claim shall be furnished to the claimant by the insurer or self-insured employer within 90 days after the employer has notice or knowledge of the claim.
>
> "* * * * *
>
> "(d)   * * * An injured worker who believes that a condition has been incorrectly omitted from a notice of acceptance, or that the notice is otherwise deficient, first must communicate in writing to the insurer or self-insured employer the worker's objections to the notice. The insurer

or self-insured employer has 30 days from receipt of the communication from the worker to revise the notice or to make other written clarification in response. A worker who fails to comply with the communication requirements of this paragraph may not allege at any hearing or other proceeding on the claim a de facto denial of a condition based on information in the notice of acceptance from the insurer or self-insured employer. Notwithstanding any other provision of this chapter, the worker may initiate objection to the notice of acceptance at any time."

Subsection (6)(a) thus gives an employer 90 days in which to accept or deny an initial claim. Under subsection (6)(d), a claimant who believes that a condition has been incorrectly omitted from the notice of acceptance may object to the notice in writing. The insurer then has 30 days to revise the notice or make another response. A claimant who fails to object to the notice may not later assert that a notice of acceptance is a *de facto* denial of a condition not included in the acceptance.

Subsection (7)(a) then sets forth procedures that apply after an initial claim has been accepted. It contains the first reference to claims for aggravation or new medical conditions, and describes the 90-day limitation period for acceptance or denial of those claims. A claim for a new medical condition is not separately defined in ORS 656.262 or elsewhere in chapter 656, but the process for filing one is described in ORS 656.262(7)(a):

"After claim acceptance, written notice of acceptance or denial of claims for aggravation or new medical conditions shall be furnished to the claimant by the insurer or self-insured employer within 90 days after the insurer or self-insured employer receives written notice of such claims. New medical condition claims must clearly request formal written acceptance of the condition and are not made by the receipt of a medical claim billing for the provision of, or requesting permission to provide, medical treatment for the new condition. The worker must clearly request formal written acceptance of any new medical condition from the insurer or self-insured employer. The insurer or self-insured employer is not required to accept each and every diagnosis or medical condition with particularity, so long as the acceptance tendered reasonably apprises the claimant

and medical providers of the nature of the compensable conditions. Notwithstanding any other provision of this chapter, the worker may initiate a new medical condition claim at any time."

The new medical condition claim must specifically request acceptance of the new medical condition. The first phrase of the subsection, "after claim acceptance," indicates generally that new medical condition claims arise after acceptance of an initial claim. Beyond that, the statute provides that a new medical condition claim may be filed at any time, "[n]otwithstanding any other provision of" ORS chapter 656. Thus, the new medical condition claim may be filed after claim acceptance and before or after closure of the initial claim, without any other time limitation. In contrast, aggravation claims are to be made "after the last award or arrangement of compensation," ORS 656.273(1), and are subject to a five-year limitation period. ORS 656.273(4)(a).

Despite the absence of express language requiring a relationship between a new medical condition claim and an initially accepted claim, we agree with SAIF that the language "after claim acceptance," as well as the context that ORS 656.262 provides to subsection (7)(a), imply that a new medical condition claim is one that relates to an initially accepted claim, and is not a claim for compensation for *any* new medical condition (*i.e.*, one relating to a later and different work place injury). Further, the statutory language indicates that a new medical condition claim is distinct from an aggravation claim, which is described in ORS 656.273(1) as an "actual worsening of the compensable condition." Rather, a new medical condition is precisely that—a new condition related to the original injury, but distinct from the condition initially accepted. Thus, several distinguishing characteristics of the new medical condition are apparent from the statute. A new medical condition (1) arises after acceptance of an initial claim, (2) is related to an initial claim, and (3) involves a condition other than the condition initially accepted.

Our reading of ORS 656.262 leads us to this view of the relationship of the different types of claims: An initial

claim is filed and ultimately accepted within the time prescribed in ORS 656.262(6)(a). Benefits for temporary disability are paid no later than the 14th day after the employer receives notice or knowledge of the claim and the disability. ORS 656.262(4)(a). Once the claim is accepted, the claimant can object to the notice of acceptance and seek to have any omitted conditions included. ORS 656.262(6)(d). Also, once there is an acceptance, a claimant may file a claim for a medical condition that is related to the original claim, but is different from the condition accepted. ORS 656.262(7)(a). Finally, after the initial claim and after claim closure, a claimant may file an aggravation claim, ORS 656.273, which requires a worsening of the originally accepted condition and which expressly triggers the requirements for processing of a claim as set forth in ORS 656.262.[1]

There is no dispute in this case that claimant's attorney's letter of June 1996 described claimant's disc condition in a way that satisfies each of the three criteria that we have drawn from the statute with regard to a new medical condition and that also meets the filing requirements set forth in ORS 656.262(7)(a) for making a new medical condition claim. The ultimate issue here is whether the new medical condition claim is subject to the processing requirements of ORS 656.262(4)(a) for the payment of compensation. We conclude that it is. In the first place, a new medical condition claim, although distinct from an initial claim or an aggravation claim, is nonetheless a claim. Pursuant to ORS 656.262(4)(a), compensation for temporary disability must be paid on a claim upon medical authorization. We construe that general provision for payment of benefits to apply to all claims unless the specific provisions relating to a specific type of claim provide otherwise. Unlike the aggravation statute, ORS 656.262(7)(a), which authorizes new medical claims, does not mention what benefits flow from the claim. The statute, however, also gives no indication of an intention to exclude the new medical condition claim from the processing requirements for claims generally that are provided for in ORS

---

[1] ORS 656.273(6) expressly provides that an aggravation claim must be processed pursuant to the provisions of ORS 656.262, and expressly includes a requirement for payment of benefits no later than the 14th day after knowledge or notice of a "medically verified inability to work resulting from a compensable worsening."

656.262 and ORS 656.268. If, as SAIF asserts, the legislature intended that there be no independent processing obligation for a new medical condition claim, then it was incumbent on the legislature to so provide.

██ We reject SAIF's contention that requiring the independent processing of new medical condition claims and the payment of benefits for temporary disability undermines the statutory scheme for reclassification of a nondisabling injury based on an aggravation claim. As we have said, a new medical condition claim is distinct from an aggravation claim because it involves a condition other than the one initially accepted, rather than a worsening of the accepted compensable condition. Further, although a new medical condition claim must relate to an initial claim, it is not a request for reclassification of the initial claim, which necessitates a showing that a nondisabling injury has become, or originally was, disabling. ORS 656.277. Rather, as we have said, the new medical condition claim involves a new condition not originally accepted. Accordingly, a new medical condition claim must relate to, but need not have an impact on, an original nondisabling claim. It is entitled to its own classification as disabling or nondisabling. Thus, contrary to SAIF's contention, the limitations set forth in ORS 656.277 and ORS 656.273 for reclassification of claims and aggravation claims are not affected or negated by our conclusion that a new medical condition claim must be processed as any other claim, because they are not applicable to the new condition claim.

Accordingly, we reverse the Board's order determining that no TTD benefits are due and remand the case for an award of benefits for TTD.

Order of Workers' Compensation Board reversed and remanded for an award of benefits for temporary total disability.