On respondents' petition for reconsideration filed March 17, and petitioner's response filed March 29, reconsideration allowed; opinion (158 Or App 672, 976 P2d 84) adhered to May 19, 1999

In the Matter of the Compensation of
Paul D. Johansen, Claimant.

Paul D. JOHANSEN,
*Petitioner,*

*v.*

SAIF CORPORATION
and Patterson Plumbing,
*Respondents.*

(WCB 96-05209; CA A100445)

987 P2d 524

David L. Runner for petition.

Edward J. Hill and Carney, Buckley, Kasameyer & Hays *contra.*

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

LINDER, J.

**LINDER, J.**

SAIF Corporation has filed a petition for reconsideration of our opinion in *Johansen v. SAIF*, 158 Or App 672, 976 P2d 84 (1999), contending that we erred in determining that claimant is entitled to benefits for temporary total disability (TTD) for a new medical condition. We write only to address SAIF's assertion that we committed a "technical error" in remanding the case for an award of TTD benefits rather than for a *determination* of whether claimant is entitled to TTD benefits. SAIF contends that claimant's entitlement to benefits for temporary disability has never been determined.

The record shows that at the hearing SAIF raised legal and factual challenges to claimant's entitlement to benefits. The administrative law judge (ALJ) found as a factual matter that claimant's physician had authorized benefits for time loss and that claimant was disabled. Before the Workers' Compensation Board, SAIF made legal challenges to claimant's entitlement to benefits but did not challenge the ALJ's findings of authorization or disability. The Board adopted the ALJ's findings, including its findings regarding authorization of time loss and disability, and agreed with SAIF's legal assertion that claimant was not entitled to benefits. But the Board also said, "We are not holding that claimant may not obtain reclassification or that his claim was not disabling." In its brief on judicial review, SAIF made no argument with regard to the factual issue of disability or authorization. We consider those arguments to be waived.

Reconsideration allowed; opinion adhered to.