Argued and submitted April 6, affirmed May 2, 2001

In the Matter of the Compensation of
Larry L. Ledin, Claimant.
SAIF CORPORATION
and Leo Carignan,
*Petitioners,*

*v.*

Larry L. LEDIN,
*Respondent.*
99-03403; A110298

23 P3d 411

Julene Marian Quinn argued the cause and filed the brief for petitioners.

Gordon Gannicott argued the cause for respondent. With him on the brief was Hollander, Lebenbaum & Gannicott.

Before Edmonds, Presiding Judge, and Kistler and Schuman, Judges.

PER CURIAM

## PER CURIAM

■ SAIF seeks review of a decision of the Workers' Compensation Board that required it to reopen claimant's claim to process a new medical condition rather than treating that new condition as a claim within the Board's own motion jurisdiction. In *Johansen v. SAIF*, 158 Or App 672, 976 P2d 84, *on recons* 160 Or App 579, 987 P2d 524, *rev den* 329 Or 528 (1999), we held that under ORS 656.262(7)(a) a claim for a new medical condition is subject to the processing requirements of ORS 656.262(4)(a). The statute expressly provides that a claimant may bring such a new medical condition claim at any time, without regard to any other provision of the Workers' Compensation Law. It is not relevant to a new medical condition claim that the claimant's aggravation rights have expired or that the Board might exercise its own motion jurisdiction.

SAIF argues that ORS 656.262(7)(c), which provides in part that, "[i]f a condition is found compensable after claim closure, the insurer * * * shall reopen the claim for processing regarding that condition," refers only to conditions that existed at the time of the original claim closure, which necessarily excludes a claim for a new medical condition. That interpretation is inconsistent with our holding in *Johansen*. When read in light of ORS 656.262(7)(a) as construed in *Johansen*, the statute requires an insurer to reopen a closed claim to process a claim for a new medical condition.

Affirmed.