Argued and submitted January 10, affirmed June 5, 2002

In the Matter of the Compensation of
Steven R. Azorr, Claimant.

## SAIF CORPORATION
and OHSU-L-328,
*Petitioners,*

*v.*

Steven R. AZORR,
*Respondent.*

00-02760; A112849

47 P3d 542

Julene Marian Quinn argued the cause and filed the brief for petitioners.

Michael A. Gilbertson argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

Petitioners SAIF Corporation and Oregon Health Sciences University (employer, collectively) seek reversal of an order of the Workers' Compensation Board, in which the board assessed penalties against employer under ORS 656.262(11)(a) for its refusal to process claimant's new medical condition claim under ORS 656.262(7)(c). Employer contends that, although there was a prior decision of the board and two rulings by this court that established employer's obligation to process claimant's claim as requested, it had a legitimate doubt as to its liability and therefore was not subject to penalties for refusing to process claimant's claim. We affirm the award of penalties.

Claimant was first compensably injured in September 1992. Employer accepted his injury and paid benefits until the injury resolved. The claim was closed in February 1993. In February 1998, claimant's aggravation rights on the accepted claim expired. ORS 656.273(4). In January 2000, claimant was reinjured, and his doctor determined that the new injury was related to the old injury. On February 29, 2000, claimant submitted a formal claim for acceptance of the new injury as a "new medical condition," citing the board's decision in *John R. Graham*, 51 Van Natta 1740 (1999).[1] At the time that claimant made his request, this court had decided *Johansen v. SAIF*, 158 Or App 672, 976 P2d 84, *adhered to on recons* 160 Or App 579, *rev den* 329 Or 527 (1999), and *Labor Ready, Inc. v. Mann*, 158 Or App 666, 976 P2d 89, *mod on recons* 160 Or App 576, *rev den* 329 Or 479 (1999). Both cases require that a new medical condition be processed by reopening the original claim.[2]

Apparently, employer disagreed with our decisions in *Johansen* and *Labor Ready, Inc.*, and especially with the board's decision in *Graham*. As a result, it recommended on

---

[1] In *Graham*, the board held that insurers or employers are required to process "new medical conditions" by reopening the original claim for the payment of benefits that would have been due if the new medical condition had been accepted, whether or not the aggravation rights period had expired and the claim was in "own motion" status.

[2] *Johansen* and *Labor Ready, Inc.*, did not involve claims in which the aggravation period on the original claim had expired.

April 4, 2000, that claimant's claim be opened by the board under its "own motion" jurisdiction pursuant to ORS 656.278 rather than as a part of the original claim. Under the facts of this case, claimant's benefits are more limited in "own motion" status than if the claim were reopened as a new medical condition. ORS 656.278(2)(b). On April 11, 2000, the board issued an "own motion" order authorizing the reopening of claimant's prior claim under its "own motion" jurisdiction. On June 14, 2000, employer issued an "own motion" notice of closure that closed claimant's claim with an award of temporary disability benefits from March 1 through May 7, 2000. Claimant sought review of the notice of closure. At the same time, claimant requested a hearing regarding employer's refusal to process the claim as a newly accepted condition. Also at issue was claimant's entitlement to temporary disability benefits for the time period between February 14 (the date of his new injury) and February 29 (the date he submitted a formal claim for acceptance of the new injury).

A hearing occurred on July 10, 2000, before an administrative law judge (ALJ). At the hearing, claimant sought benefits beyond those authorized for a claim in "own motion" status. He also sought penalties against employer for its refusal to reopen the claim as a new medical condition arising out of the original accepted condition and for its failure to pay compensation from the date he filed his new claim. He argued that, because employer's failure to process the claim as a new medical condition was in direct contravention of binding precedent of the board and this court, ORS 656.262(11)(a) authorized the award of penalties.

The ALJ agreed with claimant. He ordered employer to process the claim as a new medical condition and awarded penalties of 25% of the increased award of compensation. The board affirmed the order and the award of penalties. The board upheld SAIF's notice of closure.

On judicial review, employer contests only the award of penalties made under ORS 656.262(11)(a).[3] That statute provides, in part:

---

[3] Employer initially also brought a challenge to the merits of the board's holding that ORS 656.262(7) applies to new medical condition claims and a challenge to our holding in *Johansen.* In light of subsequent legislative changes, *see* Or Laws

> "If an insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due."

Employer contends that its refusal to process the claims as a new medical condition was not "unreasonable." It asserts that the board failed to engage in the proper legal analysis under the statute, which it says requires the board to evaluate the reasonableness of the arguments in light of all of the circumstances, rather than inquiring only whether its position was contrary to legal precedent. Finally, it contends that the legal precedents on which the board relied were not determinative of the issue, because the Supreme Court had yet to decide the issue.[4]

■　　In essence, employer's argument requires us to decide whether an insurer or self-insured employer is subject to penalties under ORS 656.262(11)(a) when it willfully refuses to make payments to an injured worker because it disagrees with a precedent of the board. We review decisions under ORS 656.262(11)(a) to determine whether the board applied the correct legal standard and whether its factual findings are supported by substantial evidence. *See Brown v. Argonaut Insurance Company*, 93 Or App 588, 591, 763 P2d 408 (1988).[5]

---

2001, ch 865, §§ 7, 10, and 11, employer informed us that it has withdrawn that assignment of error.

[4] This court has since held that an employer is required to reopen an original claim under circumstances such as these. In *SAIF v. Ledin*, 174 Or App 61, 23 P3d 411 (2001), this court expressly held that the rule of *Johansen* was to be extended to all cases, including those in which the aggravation period had expired. Employer concedes that *Ledin* decided the underlying issue of its liability for benefits under ORS 656.262(7).

[5] In *Brown*, we said,

"Whether a denial or delay is unreasonable involves both legal and factual questions. We review for errors of law in determining whether the Board applied the correct legal standard. ORS 183.482(8)(a). That standard is whether, from a legal standpoint, [the insurer] had a *legitimate doubt as to its liability*. If so, the denial was not unreasonable. *Norgard v. Rawlinsons*, 30 Or App 999, 1003, 569 P2d 49 (1977). 'Unreasonableness' and 'legitimate doubt' are to be considered in the light of all the evidence available to the insurer." 93 Or App at 591. (Emphasis added.)

■ The board's order recites the legal standard as "whether, from a legal standpoint, the carrier had a legitimate doubt as to its liability," and it cites *International Paper Co. v. Huntley*, 106 Or App 107, 806 P2d 188 (1991), for that proposition. It explains that, "if so, the refusal to pay is not unreasonable." The board also states that " 'unreasonableness' and 'legitimate doubt' are to be considered in light of all the evidence available," and cites *Brown*. It then concludes that "we find that SAIF had no legitimate doubts as to its liability and affirm the ALJ's penalty assessment." From the entirety of the board's order, it is clear that it applied the correct legal standard.

■ The only remaining issue is whether there is substantial evidence to support the board's finding that employer did not have a "legitimate doubt" about its liability. The answer turns on whether the board's opinion in *Graham* left no room for legitimate doubt as to the state of the law. In *Graham*, the worker was first injured in 1991. His aggravation rights expired in 1996. In 1997, he requested that the employer accept new medical conditions as part of his claim, and the employer expanded its notice of acceptance to include the new medical conditions. However, the employer ultimately refused to pay temporary or permanent disability, and the claimant sought review. The board said:

> "The issues before us are: (1) whether claimant is entitled to have his 'new medical condition' reopened under ORS 656.262(7)(c) when the 'new medical condition' was accepted after the expiration of his aggravation rights on the related initial claim, *i.e.*, the initial claim is in 'Own Motion' status; and (2) if such a 'reopening' is required, whether temporary and/or permanent disability benefits are available regarding the 'new medical condition.' "

The board then analyzed the relevant statutes, examined our opinions in *Johansen* and *Labor Ready, Inc.*, and said:

> "In both *Johansen* and [*Labor Ready, Inc.*], the claimants' initial claims were still within their aggravation rights when the new medical condition claims were made. Nevertheless, we find those cases instructive regarding the issue before us. Specifically, it is important that the court determined that a 'new medical condition' claim is a *separate*

*claim* from the related initial claim and is entitled to independent processing obligations."

The board also traced the legislative history. It observed:

"[T]he legislature provided that the *carrier* is required to *reopen* the claim under those circumstances, without limiting the 'reopening' in any manner. ORS 656.262(7)(c). And it would be limited if it was processed within the Board's Own Motion jurisdiction. The Board could not authorize 'reopening' the new medical condition claim unless the condition required surgery or hospitalization and, even then, the monetary benefits would be limited to temporary disability. ORS 656.278(1)(a). Both results would contravene the unqualified requirement in ORS 656.262(7)(c) that the carrier 'reopen' the claim and the legislative intent of rating previously unaccepted conditions. Thus, in order to create a meaningful entitlement to a 'reopened' claim, benefits for a new medical condition claim accepted after closure and reopened under ORS 656.262(7)(c) must be provided under ORS 656.262 and ORS 656.268."

Under that language, the law as to employer's responsibility to process a claim as a new medical condition was clear. As the ALJ in this case stated, "The facts in *John R. Graham* are as nearly identical to the facts in this case as anyone could imagine. There is no principled reason * * * to depart from the expressed policy decision already made * * * in *John R. Graham*."

Employer argues, however, that we should use the same standard as is used in deciding the "frivolousness" of an argument under ORS 656.390. That statute provides for sanctions against lawyers who file frivolous petitions for judicial review. That standard would require us to ask whether the argument "is one * * * that a reasonable lawyer would know is not warranted either by existing law or by a reasonable argument for the extension, modification, or reversal of existing law." *See Westfall v. Rust International,* 314 Or 553, 840 P2d 700 (1992) (interpreting ORS 656.390). Employer would have us reason that, if there is a reasonable argument for the reversal of *Graham, Johansen,* or *Labor Ready, Inc.,* then it could have had a legitimate doubt as to its liability even in the face of contrary precedent.

■     We disagree that the standard in ORS 656.390 for evaluating the "frivolousness" of a lawyer's argument is an appropriate standard under ORS 656.262(11)(a) in evaluating an employer's "legitimate doubt as to liability." Although, as employer argues, "the common thread of reasonableness runs through both [statutes]," the legislature has promulgated a different policy regarding the obligation of employers to pay workers' compensation claims. ORS 656.012(2) establishes the goals of the Workers' Compensation Act, including "prompt and complete medical treatment for injured workers," the delivery of medical and financial benefits to them in a way "that reduces litigation and eliminates the adversary nature of the compensation proceedings to the greatest extent practicable," and their restoration to physical and economic self-sufficiency "in an expeditious manner." Moreover, ORS 656.202(2) provides,

> "Except as otherwise provided by law, payment of benefits for injuries or deaths under this chapter shall be continued as authorized, and in the amounts provided for, *by the law in force at the time the injury giving rise to the right to compensation occurred.*" (Emphasis added.)

*See also Johnson v. SAIF*, 78 Or App 143, 146-47, 714 P2d 1098, *rev den* 301 Or 240 (1986) ("ORS 656.202(2) * * * provides that the controlling law is 'the law in force at the time the injury giving rise to the right to compensation occurred.' ").

     In this case, employer recognized in its submissions to the ALJ and to the Board that *Graham* and *Johansen* had been decided adversely to its position. It argued for a reversal of *Graham.* Of course, it was at liberty to take that position. But if we were to hold, as employer appears to suggest, that there can exist legitimate doubt as to liability under the provisions of the Workers' Compensation Act until the Supreme Court issues a particular ruling, the purposes of the act would be eviscerated. An employer could ignore existing precedent by the board or this court without consequence and to the detriment of the worker, whose entitlement to the processing of his claim would be held in abeyance until the Supreme Court finally rules. We conclude that, in this case,

there is substantial evidence supporting the board's finding that penalties were appropriate.[6]

Affirmed.

.

о

---

[6] That is not to say that, in every case, the existence of relevant case law on the issue will operate to deprive an employer of "legitimate doubt" about its liability for purposes of ORS 656.262(11)(a).