Argued and submitted September 4, affirmed December 26, 2002

In the Matter of the Compensation of
Janis C. Davis, Claimant.

Janis C. DAVIS,
*Petitioner,*

*v.*

SAIF CORPORATION
and Douglas County School District #15,
*Respondents.*

00-04695; A114622

60 P3d 578

Edward J. Harri argued the cause for petitioner. With him on the briefs was David A. Vinson.

Julene Marian Quinn argued the cause and filed the brief for respondents.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

This case presents the question of whether a new medical condition claim gives rise to a new period of aggravation rights. The Workers' Compensation Board held that it does not, and we affirm.

Claimant compensably injured her knee in February 1997. SAIF accepted the injury as disabling and issued a notice of closure on April 30, 1997, with aggravation rights running to April 30, 2002. In January 2000, claimant filed a new medical condition claim pursuant to ORS 656.262(7) (1997), which SAIF also accepted. SAIF awarded claimant benefits for temporary disability and closed the claim, noting that claimant's aggravation rights would expire on April 30, 2002. Claimant challenged the determination, asserting that she was entitled to new aggravation rights on her new medical condition claim to run from the date of closure of the new medical condition claim. The board ultimately upheld the original aggravation date, and claimant seeks judicial review.

On review, claimant contends that statutory provisions and our holding in *Johansen v. SAIF*, 158 Or App 672, 976 P2d 84, *adhered to on recons*, 160 Or App 579, 987 P2d 524, *rev den*, 329 Or 528 (1999), require the conclusion that a new medical condition claim gives rise to a new period of aggravation rights. In *Johansen*, we considered whether a claimant who had established a compensable new medical condition was entitled to benefits for temporary disability. The original claim had been accepted as nondisabling and the one-year period to reclassify the claim as disabling had expired. SAIF contended that there was no statutory authorization for an award of disability benefits because the new medical condition had to be processed as a part of the original nondisabling claim. In concluding that the claimant was entitled to benefits, we held that a new medical condition claim "must be processed as any other claim" pursuant to ORS 656.262(4)(a), and receives its own classification as disabling or nondisabling. *Johansen*, 158 Or App at 681.

In claimant's view, the logical inference from our holding in *Johansen* is that a new medical condition claim

also gives rise to a new five-year period of aggravation rights. We reject that contention. Our conclusion in *Johansen* that a new medical condition claim must be *processed* pursuant to ORS 656.262 and ORS 656.268 does not have anything to do with a worker's entitlement to aggravation rights. Neither ORS 656.262 nor ORS 656.268 provides a substantive basis for aggravation rights. ORS 656.262 describes the employer's processing obligation on a claim, including the filing of a report with the insurer, the payment of temporary disability compensation, written notice of acceptance or denial of compensation, the reopening of a claim after closure for the processing of a claim found to be compensable after closure, and the payment of penalties. ORS 656.268 provides for claim closure, termination of benefits, reconsideration of closure, the appointment of a medical arbitrator when there is a disagreement with an impairment rating, the reopening of a claim to allow for participation in an authorized training program, and the credit or offset for overpaid benefits. Neither statute provides a substantive basis for an extension of aggravation rights after the closure of a new medical condition claim.

■      The source of a claimant's aggravation rights is ORS 656.273 (1999):[1]

> "(1)   After the last award or arrangement of compensation, an injured worker is entitled to additional compensation for worsened conditions resulting from the original injury. A worsened condition resulting from the original injury is established by medical evidence of an actual worsening of the compensable condition supported by objective findings. * * *
>
> "* * * * *
>
> "(4)(a)   The claim for aggravation must be filed within five years after the first notice of closure made under ORS 656.268; or
>
> "(b)   The claim for aggravation must be filed within five years after the date of injury, provided the claim has been classified as nondisabling * * *."

---

[1] ORS 656.273 was amended in 2001 by Oregon Laws 2001, chapter 350, section 1, but the amendments are not retroactive to this case. All subsequent references to ORS 656.273 are to the 1999 version.

Pursuant to ORS 656.273(1) (1999), an injured worker is entitled to additional compensation for worsened conditions resulting from the "original" injury. A worker's substantive entitlement to aggravation benefits is thus dependent on the relationship of the worsened condition to the original injury. ORS 656.273 does not expressly address aggravation rights in the context of a new medical condition claim; however, the time limitations set forth in ORS 656.273(4) (1999) would appear to preclude them. ORS 656.273(4)(b) (1999) expressly provides that, when the original injury has been processed as nondisabling, the five-year limitation period runs from the date of the injury. When the original claim has been processed as disabling, a claim for aggravation must be filed "within five years after the first notice of closure." ORS 656.273(4)(a) (1999). Read in the context of ORS 656.273(1) (1999), the "first notice of closure" is the first notice of closure after the original injury, not the first notice of closure on any subsequent claim based on the injury.

■         After we decided *Johansen*, the legislature enacted ORS 656.267 on new medical condition claims. Or Laws 2001, ch 865, § 1. The statute applies "to all claims regardless of date of injury," Or Laws 2001, ch 865, § 22(2), and provides, in part:

"(1) To initiate omitted medical condition claims under ORS 656.262 (6)(d) or new medical condition claims under this section, the worker must clearly request formal written acceptance of a new medical condition or an omitted medical condition from the insurer or self-insured employer. * * * Notwithstanding any other provision of this chapter, the worker may initiate a new medical or omitted condition claim at any time.

"(2) Claims properly initiated for new medical conditions and omitted medical conditions related to an initially accepted claim shall be processed pursuant to ORS 656.262.

"(3) Notwithstanding subsection (2) of this section, claims for new medical or omitted medical conditions related to an initially accepted claim that are initiated after the rights under ORS 656.273 have expired shall be processed as requests for relief under the Workers' Compensation Board's own motion jurisdiction pursuant to ORS 656.278 (1)(b)."

Pursuant to ORS 656.267(2), a claim for a new medical condition must be processed under ORS 656.262. The statute is, in effect, a legislative affirmance of our holding in *Johansen*. Additionally, we note that ORS 656.262(7)(c) provides that, "if a condition is found compensable after closure," the employer "shall *reopen* the claim for processing regarding that condition." (Emphasis added.) Thus, ORS 656.262(7) and newly enacted ORS 656.267(2) together require that, when a new medical condition claim is found to be compensable after claim closure, the claim must be processed pursuant to ORS 656.262 but in the context of the original *reopened* claim. That procedure supports the conclusion that a new medical condition claim is subject to the aggravation rights of the original claim.

Finally, we note that claimant's view that a new medical condition claim brings with it a new period of aggravation rights is inconsistent with the intention expressed in ORS 656.267(3), which provides that new medical condition claims filed after the expiration of a worker's aggravation rights fall within the board's own motion jurisdiction. If new aggravation rights were extended to every new medical condition claim, then ORS 656.267(3) would be superfluous. We reject claimant's suggestion that her view can be reconciled with ORS 656.267(3) if new aggravation rights are extended only to those new medical condition claims that are filed before the expiration of the original aggravation period. Although that interpretation would preserve ORS 656.267(3), it is not supported by the other statutes that we have discussed.

Affirmed.