Argued and submitted March 31, reversed and remanded May 13, 2015

In the Matter of the Compensation of
John M. English, Claimant.
John M. ENGLISH,
*Petitioner,*

*v.*

LIBERTY NORTHWEST
INSURANCE CORPORATION;
and Trees, Inc.,
*Respondents.*

Workers' Compensation Board
1105186; A153438

350 P3d 470

Julene M. Quinn argued the cause and filed the briefs for petitioner.

Carrie D. Wipplinger argued the cause for respondents. On the brief was David O. Wilson.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

FLYNN, J.

**FLYNN, J.**

This is a workers' compensation case in which we review a decision of the Workers' Compensation Board (the board) that upheld employer's denial of left knee conditions that claimant sought to prove were compensable as consequential conditions of claimant's compensable 2010 left knee injury. The issue is whether the board applied an overly restrictive test when it required claimant to prove that the "accepted conditions" for the 2010 injury were the major contributing cause of the denied conditions. Claimant argues that, under this court's opinion in *Brown v. SAIF*, 262 Or App 640, 325 P3d 834, *rev allowed*, 356 Or 397 (2014), the correct inquiry is whether the claimed consequential conditions were caused in major part by the "compensable injury," and that that term is not limited to the "accepted conditions." We agree with claimant that under *Brown* and its construction of the term "compensable injury," ORS 656.005(7), the board applied an incorrect standard of proof in evaluating claimant's consequential condition claim. We therefore reverse the board's order and remand the case to the board for reconsideration.

Claimant injured his left knee at work in 2010, and employer accepted a nondisabling left knee medial hamstring strain and a left knee lateral compartment contusion. Approximately one year later, claimant was injured outside of work when he stepped off of a deck with his left foot and his left knee popped, causing pain and causing claimant to fall to the ground. Doctors diagnosed additional conditions resulting from the new injury, for which claimant sought compensation[1] on the theory that the fall was caused by his knee buckling and that the buckling was caused by the 2010 injury. Employer denied claimant's request for acceptance of the additional conditions, and the administrative law judge (ALJ) and the board upheld the denials. The board reasoned that claimant failed to prove "his *accepted* left knee medial hamstring strain and/or lateral compartment contusion was the major contributing cause of his claimed consequential

---

[1] Claimant seeks compensation for left knee instability, left knee joint effusion, left snapping patella, left bucket handle tear of the medial meniscus, left partial tear of the proximal ACL, and left grade 1 tear/injury of the MCL.

knee conditions. ORS 656.266(1); ORS 656.005(7)(a)(A)." (Emphasis in original.)

Compensability of the disputed conditions is governed by ORS 656.005(7), which provides, as pertinent to this case:

"(a)  A 'compensable injury' is an accidental injury, or accidental injury to prosthetic appliances, arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means, if it is established by medical evidence supported by objective findings, subject to the following limitations:

"(A)  No injury or disease is compensable as a consequence of a compensable injury unless the compensable injury is the major contributing cause of the consequential condition.

"(B)  If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

Thus, the compensability of a consequential condition depends on the condition's relationship to the "compensable injury," which is defined in ORS 656.005(7)(a). We held in *Brown* that the definition of "compensable injury" contained in ORS 656.005(7)(a)

"is injury-incident focused. It requires a determination that there was an injury incident that caused disability or required treatment—i.e., an accidental injury—arising out of and in the course of the employment."

262 Or App at 646. We reasoned that the "injury-incident-based definition of 'compensable injury' does not make the compensability of an injury dependent on the insurer's acceptance of particular conditions." *Id.* at 648. We concluded, further, that the legislative history showed that "the legislature never meant to equate a 'compensable injury' only with an 'accepted condition.'" *Id.* at 651.

Although *Brown* addressed the compensability of a "combined condition" claim under ORS 656.005(7)(a)(B), our interpretation of "compensable injury," as defined in ORS 656.005(7)(a), is equally applicable to our analysis of ORS 656.005(7)(a)(A). As with "combined conditions" under ORS 656.005(7)(a)(B), the compensability of a "consequential condition" under ORS 656.005(7)(a)(A) depends on its relationship to the "compensable injury," which must be its major contributing cause. ORS 656.005(7)(a)(A) and ORS 656.005(7)(a)(B) were enacted together in 1990 and added to the statute defining "compensable injury," a term critical to both provisions. Or Laws 1990, ch 2, § 3. There is no basis to assign the term "compensable injury" as used in ORS 656.005(7)(a)(A) a different meaning than the same term in ORS 656.005(7)(a)(B). *See Tharp v. PSRB*, 338 Or 413, 422, 110 P3d 103 (2005) (when the legislature uses an identical phrase in related statutory provisions enacted as part of the same law, we assume that the phrases have the same meaning in both sections). Thus, as in the combined condition analysis discussed in *Brown,* the "compensable injury" from which a consequential condition must result is not synonymous with the "accepted conditions." Rather, "[t]he question is whether claimant's work-related injury incident is the major contributing cause of the [consequential] condition." *Brown*, 262 Or App at 656.

Employer argues that we have previously described "consequential conditions" in language that could suggest a different meaning for "compensable injury," citing *Albany General Hospital v. Gasperino*, 113 Or App 411, 414, 833 P2d 1292 (1992). In *Gasperino*, in the course of explaining the differing standards of proof for a "consequential condition," as opposed to a condition arising directly from the industrial accident, we said:

> "The distinction is between a condition or need for treatment that is caused by the *industrial accident*, for which the material contributing cause standard still applies, and a condition or need for treatment that is caused in turn by the *compensable injury.* It is the latter that must meet the major contributing cause test."

113 Or App at 415 (emphases in original). The point of our discussion in *Gasperino*, however, was to explain that the

legislature's adoption of the consequential condition language of ORS 656.005(7)(a)(A) did not supplant the material contributing cause standard for conditions directly related to the industrial accident. *Id.* at 415.

Moreover, we disagree with employer's contention that *Gasperino* "introduced the terminology for the distinction, industrial accident vs. accepted injury." *Gasperino* does not discuss that distinction or even use the term "accepted injury," but simply describes a "consequential condition" as a condition caused in major part by the "compensable injury" rather than the "industrial accident." Under *Brown*, a "compensable injury" is an injury or condition that arises directly from the industrial accident. Thus, a consequential condition is an injury or condition that does not arise directly from the industrial accident (*i.e.*, the work-related injury incident), but as a consequence of an injury or condition caused directly by the industrial accident. Although the compensability of a consequential condition does not depend upon what conditions the employer has accepted, ORS 656.005(7)(a)(A) nonetheless requires that the "work-related injury incident" be the major contributing cause of the consequential condition. Employer argues that claimant's evidence does not prove causation, even under the standard required by *Brown*, but our review of the record indicates that there is evidence from which the board could draw the necessary inferences. We leave that determination for the board on remand. *See, e.g., SAIF v. DeMarco*, 271 Or App 226, 230, 349 P3d 660 (2015) ("[W]e allow the board to 'draw reasonable inferences' about whether the expert is expressing a 'major contributing cause' opinion and whether the expert engaged in the required weighing process for that opinion."). We remand this case to the board for it to reconsider claimant's consequential condition claim under the standard described in this opinion.

Reversed and remanded.