Argued and submitted September 16, 2014, affirmed December 23, 2015

In the Matter of the Compensation of
Murry Nacoste, Jr., Claimant.

Murry NACOSTE, Jr.,
*Petitioner,*

*v.*

THE HALTON COMPANY - HALTON CO.,
*Respondent.*

Workers' Compensation Board
1103172; A154040

365 P3d 1098

Julene M. Quinn argued the cause and filed the brief for petitioner.

Brad G. Garber argued the cause for respondent. With him on the brief was Daniel L. Meyers.

Before Duncan, Presiding Judge, and Egan, Judge, and Lagesen, Judge.*

_____
* Egan, J., *vice* Wollheim, S. J.

EGAN, J.

## EGAN, J.

In this workers' compensation case, the parties agree that claimant suffered a compensable injury to his right knee—specifically, a medial meniscus tear. After the claim for the medial meniscus tear was closed, claimant developed a separate condition in the same knee, chondromalacia, and he filed an aggravation claim under ORS 656.273.[1] The insurer denied the aggravation claim, and claimant requested a hearing. At the hearing, an administrative law judge (ALJ) found that the medial meniscus tear caused the chondromalacia and, thus, the chondromalacia was a consequential condition. But the ALJ upheld the insurer's denial of claimant's aggravation claim reasoning that, as a matter of law, a consequential condition cannot be the basis for an aggravation claim. The Workers' Compensation Board upheld the denial, adopting the ALJ's reasoning. On judicial review, claimant argues that, as a matter of law, a consequential condition can be the basis for an aggravation claim. Employer, the Halton Company, responds that aggravation claims are limited to a worsening of the underlying condition. We agree with employer and, accordingly affirm.

We review the board's legal determinations for legal error. *Wantowski v. Crown Cork & Seal*, 175 Or App 609, 613, 29 P3d 1165 (2001). We take the facts from the ALJ's findings of fact, which the board adopted, and which the parties do not dispute.

Claimant sustained a compensable work-related injury in 2008, which doctors diagnosed as a medial meniscus tear in his right knee. In 2009, claimant became medically stationary and his claim was closed. In April 2011, claimant filed an aggravation claim, which employer denied.

---

[1] ORS 656.273(1) provides, in relevant part:

"After the last award or arrangement of compensation, an injured worker is entitled to additional compensation for worsened conditions resulting from the original injury. A worsened condition resulting from the original injury is established by medical evidence of an actual worsening of the compensable condition supported by objective findings. However, if the major contributing cause of the worsened condition is an injury not occurring within the course and scope of employment, the worsening is not compensable."

Later in 2011, claimant had surgery on his right knee and doctors discovered chondromalacia on the tibial plateau.

Several doctors involved in the claim described chondromalacia as wear or damage to the cartilage of the knee and stated that chondromalacia is a separate condition from a medial meniscus tear. Doctors opined that a torn piece of claimant's meniscus may have become trapped between the moving parts of the knee and rubbed away at the articular surface of the tibial plateau each time that claimant bent or straightened his knee, causing the chondromalacia. Based on that medical evidence, the ALJ concluded, "there is little dispute that the chondromalacia is a consequential condition."[2]

Having concluded that claimant's chondromalacia was a consequential condition, the ALJ denied claimant's aggravation claim, reasoning that the board's decision in *Evelyn R. Crossman*, 56 Van Natta 1076 (2004), is dispositive.[3] The board agreed and adopted the ALJ's reasoning.

On judicial review, claimant does not challenge the finding that his chondromalacia is a consequential condition resulting from his medial meniscus tear. Instead, he contends that the conclusion that ORS 656.273 does not apply to consequential conditions is incorrect as a matter of law. Employer argues in response, among other things, that, as understood in the context of ORS chapter 656, claims under ORS 656.273 are limited to the worsening of an underlying accepted condition and do not include the development of a distinct condition. Thus, in employer's view, claimant may not bring his claim for chondromalacia as an aggravation claim under ORS 656.273, because it is a distinct condition

---

[2] "[A] consequential condition is an injury or condition that does not arise directly from the industrial accident (*i.e.*, the work-related injury incident), but as a consequence of an injury or condition caused directly by the industrial accident." *English v. Liberty Northwest Ins. Corp.*, 271 Or App 211, 215, 350 P3d 470 (2015). Moreover, the compensable injury from which a consequential condition must result is not synonymous with the "'accepted conditions'; Rather, '[t]he question is whether claimant's work-related injury incident is the major contributing cause of the [consequential] condition.'" *Id.* at 214 (quoting *Brown v. SAIF*, 262 Or App 640, 656, 325 P3d 834, *rev allowed*, 356 Or 397 (2014)).

[3] In *Crossman*, the board held that an aggravation claim must be based on a compensable condition that has been accepted and processed in accordance with ORS 656.262 and ORS 656.268. 56 Van Natta at 1079.

from claimant's underlying accepted condition, his medial meniscus tear. We conclude that the legislative history of the new or omitted conditions statute, ORS 656.267, which the legislature enacted in response to *Johansen v. SAIF*, 158 Or App 672, 976 P2d 84 (1999), demonstrates that the legislature intended that an aggravation claim is one involving the worsening of an underlying condition identified in a notice of acceptance.

In *Johansen*, the claimant suffered a compensable injury that resulted in low back strain. *Id.* at 674. Two years later, the claimant's attorney sent a letter to the insurer, SAIF Corporation (SAIF), notifying SAIF that the claimant had been diagnosed with a herniated disc in his back and that he was making a claim for that condition. SAIF issued a notice of acceptance stating that it had accepted the claimant's herniated disc "as part of the [prior] acute low back strain." SAIF then refused to pay benefits for temporary total disability, explaining that, given that it had accepted the herniated disc as part of the prior nondisabling condition, the claim could not be reclassified as disabling because the one-year period for reclassifying the claim under ORS 656.277(2) had passed.

On review, the claimant argued that his letter represented a claim for a new medical condition under ORS 656.262(7)(a)[4] and, therefore, it was not subject to the one-year limitation contained in ORS 656.277(2). *Id.* at 676. We agreed with the claimant, holding that his letter was a new medical condition claim under ORS 656.262(7)(a) and that, read in the context of ORS chapter 656, new medical condition claims are subject to processing as new claims and are not subject to the one-year limitation for reclassifying

---

[4] ORS 656.262(7)(a) (1999), *amended by* Or Laws 2001, ch 865, § 7, provided, in relevant part:

"After claim acceptance, written notice of acceptance or denial of claims for aggravation or new medical conditions shall be furnished to the claimant by the insurer or self-insured employer within 90 days after the insurer or self-insured employer receives written notice of such claims. New medical condition claims must clearly request formal written acceptance of the condition and are not made by the receipt of a medical claim billing for the provision of, or requesting permission to provide, medical treatment for the new condition. The worker must clearly request formal written acceptance of any new medical condition from the insurer or self-insured employer."

injuries.[5] *Id.* at 680. In reaching that conclusion, we stated that the text of ORS chapter 656, as it then existed,

> "indicates that a new medical condition claim is distinct from an aggravation claim, which is described in ORS 656.273(1) as an 'actual worsening of the compensable condition.' Rather, a new medical condition is precisely that—a new condition related to the original injury, but distinct from the condition initially accepted."

*Johansen,* 158 Or App at 679.

The legislature made substantial changes to ORS chapter 656 after *Johansen,* including the adoption of a new provision, ORS 656.267, which addresses the processing of new and omitted medical condition claims. Or Laws 2001, ch 865, § 10. The legislative history of ORS 656.267, enacted as part of Senate Bill (SB) 485 (2001), demonstrates the legislature's approval of *Johansen.*

The text of ORS 656.267 follows the holding of *Johansen,* stating that new or omitted medical conditions claims may be initiated at any time, ORS 656.267(1), and that such claims must be processed as original claims pursuant to ORS 656.262, ORS 656.267(2)(a). Moreover, the legislative history of SB 485 demonstrates that the legislature enacted ORS 656.267 in direct response to *Johansen.* During a work session on the bill, Charlie Cheek, legislative counsel, testified in response to a question from Senator Roger Beyer, Chair of the Senate Committee on Business, Labor, and Economic Development, inquiring whether "the *Johansen* fix is in the bill?"

Cheek replied:

> "Section 10 [enacted as ORS 656.267] clearly addresses the *Johansen* case, which established essentially that new medical conditions that arose related to an initial compensable injury, but were not part of that initial compensable claim—conditions that there was no way to identify at the time the claim arose—had to be processed as new claims. And what section 10 does is provide a process by which those conditions are processed just like any other claim. It

---

[5] Aside from the one-year limitation on reclassifying a nondisabling injury as disabling, those special processing requirements include the five-year limitation on filing aggravation claims found in ORS 656.273(4).

establishes the criteria for doing that. So, it does address the holding in the *Johansen* case squarely."

Tape Recording, Senate Committee on Business, Labor, and Economic Development, SB 485, Feb 14, 2001, Tape 26, Side A (statement of Deputy Legislative Counsel Charlie Cheek). The legislative history also shows that the Workers' Compensation Division of the Department of Consumer and Business Services had the same understanding of section 10 of SB 485. *See* Testimony, House Committee on Business, Labor & Consumer Affairs, SB 485, May 15, 2001, Ex L (statement of John Shilts, Administrator of the Workers' Compensation Division) (stating that section 10 of SB 485 represents a "compromise in response to a court decision known as the *Johansen* case").

Claimant does not address our holding in *Johansen*, but he argues that ORS 656.267 is not helpful context for understanding whether the legislature intended the aggravation statute, ORS 656.273, to apply only to a claim involving the worsening of an underlying condition identified in a notice of acceptance, because the legislature "has not changed the aggravation statute such that the only conditions that may qualify as worsened conditions are accepted conditions." We reject claimant's argument. As discussed, the legislative history shows that the legislature intended ORS 656.267 to embody the holding of *Johansen*. That holding rests on the premise that a new medical condition claim is different from an aggravation claim, in that a new medical condition is a condition distinct from the condition identified as accepted in the notice of acceptance.[6] A consequential condition is a type of new condition. We conclude that the board did not err when it adopted the ALJ's determination that, as a matter of law, a consequential condition cannot be the basis for an aggravation claim.

---

[6] Claimant argues that the Supreme Court has indicated that a distinct condition can, itself, represent a worsening under ORS 656.273. In support, claimant cites *Stepp v. SAIF*, 304 Or 375, 381 n 1, 745 P2d 1207 (1987), the court stated:

"A condition can 'worsen' in many ways. A [partial permanent disability] award for loss of a leg or arm that, after the award, creates problems to other parts (such as the spine), would support an additional disability award, if earning capacity is adversely affected."

Even if the quoted statement stands for the proposition advanced by claimant, the legislature's enactment of ORS 656.267 has superceded it.

That is so even in light of *Brown v. SAIF*, 262 Or App 640, 325 P3d 834, *rev allowed*, 356 Or 397 (2014), which we decided while this case was pending and which claimant cited in a memorandum of additional authority filed before oral argument in this case. *Brown* does not speak to the precise issue presented in this case—whether aggravation claims filed under ORS 656.273 are limited to only the worsening of an underlying condition and do not include a worsening that is itself a distinct condition. By its text, ORS 656.273 applies to an "actual worsening of the compensable condition," ORS 656.273(1). The Oregon Supreme Court has defined the term "compensable condition" as used in the 1995 version of that statute,[7] as "the medical condition for which a worker already has been compensated." *SAIF v. Walker*, 330 Or 102, 109, 996 P2d 979 (2000). That definition is consistent with our conclusion that an aggravation, under ORS 656.273, may only occur upon a condition identified in a notice of acceptance.

Contrary to claimant's contention, our conclusion is not inconsistent with our holding in *Brown*, where we said that the definition of "compensable *injury*," as used in ORS 656.005

> "is injury-incident focused. It requires a determination that there was an injury incident that caused disability or required treatment—*i.e.*, an accidental injury—arising out of and in the course of the employment."

*Brown*, 262 Or App at 646. In reaching that holding, we determined that the legislative history showed that "the legislature never meant to equate a 'compensable injury' only with an 'accepted condition.'" *Id.* at 651. We did not address in that opinion whether an aggravation claim must be based on an accepted condition.[8]

---

[7] Although the legislature has altered other portions of ORS 656.273 since the 1995 version of that statute at issue in *Walker*, the legislature has not altered ORS 656.273(1).

[8] To the extent that our interpretation means that there could be processing delays when a claim is mistakenly characterized by the claimant as an aggravation claim rather than a new or omitted condition, that could speak to the need for clarity on claim forms in differentiating new or omitted condition claims from aggravation claims.

In sum, the board did not err, because ORS 656.273 applies to only the worsening of an underlying accepted condition and does not apply to the development of a new condition. *Johansen*, 158 Or App at 679. Accordingly, we affirm.

Affirmed.