Argued and submitted October 26, 2010, affirmed March 16, petition for review denied October 6, 2011 (351 Or 216)

In the Matter of the Compensation of
Catherine E. Reid, Claimant.

Catherine E. REID,
*Petitioner,*

*v.*

SAIF CORPORATION
and PeaceHealth,
*Respondents.*

Workers' Compensation Board
0703804; A142321

250 P3d 444

Christopher D. Moore argued the cause and filed the briefs for petitioner.

Julene M. Quinn argued the cause and filed the brief for respondents.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Rosenblum, Judge.

SCHUMAN, P. J.

**SCHUMAN, P. J.**

Claimant seeks review of an order of the Workers' Compensation Board, contending that the board erred in upholding SAIF's denial of her combined condition involving the cervical spine. She contends that the board committed legal error when it failed to include all of her compensable injuries when it determined that compensable injuries had ceased to be the major contributing cause of her need for treatment. We affirm.

The facts are undisputed. Claimant works for SAIF's insured, PeaceHealth. Beginning some time in 2003, she experienced occasional neck stiffness and pain at work when she rotated her neck or contorted it in unusual positions, but she did not seek medical treatment. However, she did seek treatment after an incident in April 2004; while attempting to remove a gown from under a sedated and nonresponsive patient, she felt a sudden shocking pain in her neck, accompanied by a rubber-band-like pop. Claimant subsequently developed stiffness, headaches, and right upper extremity pain. The pain after this incident was different in character from the pain before it.

SAIF accepted a claim for a nondisabling cervical strain. Despite claimant's pre-2004 neck pain and stiffness, SAIF did not accept the claim as a combined condition. Through conservative treatment, claimant's symptoms improved, but they did not resolve completely. In October 2004, Dr. Peterson, one of claimant's treating physicians, stated his opinion that claimant would be medically stationary as of October 14, 2004, without any permanent impairment.

In February 2005, after an incident in which she had to hold down a patient, claimant experienced increased neck symptoms at work. She received treatment for her neck through 2005. An MRI in May 2005 revealed a minimal annular bulge at C5-6 and mild disc dessication at all cervical levels. An MRI in February 2006 showed no further changes.

Claimant's symptoms continued, and in February 2006, claimant's treating physician referred her to Dr. Keiper, a neurosurgeon, for consultation. Keiper diagnosed a "C5-6

disc injury." Claimant had a discogram in October 2006, which was positive for problems at the C5-6 level; a CT scan also revealed disc bulging at C4-5 and C5-6. Claimant filed a new/omitted condition claim for C5-6 disc injury, which SAIF denied on June 8, 2007, as "not compensably related."

Subsequently, SAIF also issued a modified notice of acceptance, revising the 2004 acceptance to accept claimant's cervical strain as a combined condition. SAIF explained that, beginning on April 7, 2004, the date of the injury, claimant's accepted cervical strain had combined with one or more pre-existing conditions, including cervical disc disease. At the same time that SAIF accepted the 2004 combined condition, it simultaneously denied the combined condition on and after June 13, 2005, explaining that, as of June 13, 2005, the accepted injury was no longer the major contributing cause of the combined cervical condition.

Claimant filed requests for hearing on the denial of the "C5-6 disc injury" and the denial of her combined condition. The administrative law judge (ALJ) and the board both determined that claimant's C5-6 disc injury is compensable, and that determination is not challenged on review. We focus on SAIF's denial of the combined condition, which is the subject of the current dispute.

■ Under ORS 656.005(7)(a)(B),

"[i]f an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

Thus, under the statute, a combined condition—*i.e.*, one in which an "otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment"—is subject to the higher, major contributing cause, standard of proof, in contrast to the "material contributing cause" standard for other work-related injuries. *Hopkins v. SAIF*, 349 Or 348, 351, 245 P3d 90 (2010).

Under ORS 656.005(24)(a), a "preexisting condition" is defined as

"any injury, disease, congenital abnormality, personality disorder or similar condition that contributes to disability or need for treatment, provided that:

"(A)    Except for claims in which a preexisting condition is arthritis or an arthritic condition, the worker has been diagnosed with such condition, or has obtained medical services for the symptoms of the condition regardless of diagnosis; and

"(B)(i)    In claims for an initial injury or omitted condition, the diagnosis or treatment precedes the initial injury;

"(ii)    In claims for a new medical condition, the diagnosis or treatment precedes the onset of the new medical condition; or

"(iii)    In claims for a worsening pursuant to ORS 656.273 or 656.278, the diagnosis or treatment precedes the onset of the worsened condition."

As a general rule, a preexisting condition must have been previously diagnosed or treated before it will be considered a preexisting condition. However, a preexisting arthritis or arthritic condition will be considered a "preexisting condition" within the meaning of ORS 656.005(24)(a) whether or not it has been diagnosed or treated at the time of injury.

After this case was submitted, in *Hopkins*, 349 Or at 364, the Supreme Court explained that the term "arthritis" as used in ORS 656.005(24)(a)

"mean[s] the inflammation of one or more joints, due to infectious, metabolic, or constitutional causes, and resulting in breakdown, degeneration, or structural change."

The court stated, further, that an employer must establish by expert testimony that the claimant suffers from "inflammation of whatever joint or joints it contends are affected by the arthritic condition." *Id.* at 363.

As noted, there was medical evidence that claimant had degenerative changes at the C5-6 disc that preexisted the date of her injury. SAIF contended, therefore, that claimant had a preexisting disc condition that combined with her

cervical strain, and asserted for that reason that the claim must be reevaluated as a combined condition that is compensable only if the work injury is shown to be its major contributing cause. Claimant argued that she did not have a preexisting condition within the meaning of the workers' compensation statutes and that her claim for a cervical strain cannot properly be evaluated as a combined condition. Therefore, she contended, her cervical strain remained compensable under a material contributing cause standard of proof.

After a hearing, the ALJ rejected SAIF's contention that claimant had a preexisting condition that was "arthritic," within the meaning of ORS 656.005(24)(a)(B)(i). She found, further, that there had been no prior diagnosis or treatment of a purported preexisting condition. The ALJ concluded, accordingly, that claimant did not suffer from a preexisting condition or a combined condition. The ALJ further found that, even if there was a combined condition, SAIF had not established that the condition had changed between the time of SAIF's acceptance and denial. Accordingly, the ALJ set aside SAIF's combined condition denial.

The board reversed the ALJ and reinstated the combined condition denial. The board, in contrast to the ALJ, determined that claimant had a legally cognizable preexisting condition at the time of her April 7, 2004, injury, because her cervical disc disease was an "arthritic condition." In support of its conclusion that claimant's condition was "arthritic," the board relied on the opinion of Dr. Rosenbaum, a neurosurgeon, who had opined that claimant had "degenerative joint disease of the cervical spine and that degenerative disc disease and spondylosis or degenerative osteoarthritis administrative rule components of this condition." Rosenbaum further opined that claimant's degenerative condition involved "inflammation of the synovial lining of facet joints." The board concluded that claimant's condition was a preexisting arthritic condition under ORS 656.005(24)(a).

The board further concluded that the medical evidence established the presence of a combined condition. Again, the board cited Rosenbaum's opinion that claimant's need for treatment was the result of a cervical strain that combined with the preexisting degenerative disc disease.

The board concluded that SAIF had established that, as of the date on which it denied claimant's combined condition, June 13, 2005, the compensable cervical strain ceased to be the major contributing cause of the combined condition and the need for treatment. Once again, the board relied on Rosenbaum, who stated that claimant's cervical strain had resolved after three months of conservative treatment and that the work incident was no longer the major contributing cause of her need for treatment; rather, claimant's ongoing symptoms were related to her preexisting cervical arthritis. Accordingly, the board reinstated employer's combined condition denial. Importantly, the board noted the existence of claimant's compensable "C5-6 disc injury" as a separate claim, and affirmed the ALJ's ruling that it remained compensable, but explained that, for purposes of resolving the combined condition denial, the focus was on whether claimant's 2004 *accepted cervical strain* remained the major contributing cause of the disability or need for treatment of the combined condition.

■ Claimant seeks judicial review, contending that the board erred in reinstating employer's denial of the combined condition. Claimant no longer contends that she did not suffer from a preexisting arthritic condition or that the preexisting condition did not combine with claimant's compensable cervical strain to cause a combined condition. Her only contention is that the board erred in failing to take into account claimant's *compensable C5-6 disc injury* in determining whether claimant's compensable condition was no longer the major contributing cause of her combined condition. She notes that the combined condition denial described the denied condition as a "combined cervical condition." She expresses concern that SAIF's combined condition denial is broad enough to encompass the overall compensable injury, including claimant's separately accepted C5-6 disc injury, and to bar treatment for cervical conditions related to that injury that were not specifically included in the combined condition acceptance. Claimant's concerns are unjustified.

We note, as did the board, that claimant's compensable C5-6 disc injury is a separate claim from her cervical strain and that the combined condition acceptance, as reasonably construed by the board, only referred to the 2004

cervical strain. The board expressly noted that the medical evidence in this case did not indicate that the cervical strain and the disc injury were the same or that the disc injury encompassed the cervical strain. We agree with the board that, in determining whether SAIF properly denied claimant's combined condition because claimant's "otherwise compensable injury" was no longer the major contributing cause of the disability or need for treatment of the combined condition, it is correct under ORS 656.005(7)(a)(B) to focus on the compensable injury that was shown to have combined with the preexisting condition, and on the actual combined condition that was accepted and then denied—in this case, the cervical strain that combined with claimant's preexisting degenerative disc disease. That does not rule out the possibility that claimant's current need for treatment is related to her compensable "C5-6 disc injury," an issue that we do not address.

We conclude that substantial evidence supports the board's determination that claimant's cervical strain experienced on the date of injury is no longer the major contributing cause of her need for treatment. For that reason, we affirm the board's reinstatement of SAIF's combined condition denial.

Affirmed.