Argued and submitted November 15, 2013, reversed and remanded July 2, 2014

In the Matter of the Compensation of
Barbara A. Easton, Claimant.

Barbara A. EASTON,
*Petitioner,*

*v.*

SAIF CORPORATION
and Applegate Care Center,
*Respondents.*

Workers' Compensation Board
1100429; A151100

331 P3d 1035

Christopher D. Moore argued the cause for petitioner. With him on the briefs was Moore, Jensen & Lesh.

Holly C. O'Dell argued the cause and filed the brief for respondents.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

EGAN, J.

**EGAN, J.**

Claimant seeks judicial review of a final order of the Workers' Compensation Board (board), which concluded that a proposed diagnostic examination of claimant's back was not compensable. Claimant contends that the board applied an incorrect legal standard in arriving at that determination; specifically, she argues that the board improperly assessed the compensability of the proposed diagnostic (a discogram) by reference to its relationship with her "accepted condition." *See* ORS 656.262(6)(b) (notice of acceptance of a claim shall specify what conditions are compensable). Claimant argues that the law instead required the board to assess the compensability of the discogram by reference to its relationship with the "compensable injury." SAIF responds that the board applied the correct legal standard. It did not, and we therefore reverse and remand.

We are called upon here to resolve a purely legal issue, and we therefore review for errors of law. ORS 656.298(7); ORS 183.482(7), (8); *Hopkins v. Kobos Co.*, 186 Or App 273, 62 P3d 870 (2003).

In *SAIF v. Carlos-Macias*, 262 Or App 629, 325 P3d 827 (2014), which we decided after the parties submitted their arguments in this case, we addressed the very issue presented here. As the present one does, that case involved the denial of proposed medical-diagnostic procedures under ORS 656.245(1)(a), which provides, in relevant part:

> "For every compensable injury, the insurer or the self-insured employer shall cause to be provided medical services for conditions caused in material part by the injury for such period as the nature of the injury or the process of the recovery requires, subject to the limitations in ORS 656.225, including such medical services as may be required after a determination of permanent disability. In addition, for consequential and combined conditions described in ORS 656.005(7), the insurer or the self-insured employer shall cause to be provided only those medical services directed to medical conditions caused in major part by the injury."

In a statement of the law that fully answers the question at issue in the present case, we stated:

"Although we have addressed the issue of diagnostic examinations on several occasions, petitioners have added a new twist by contending that the need for the requested diagnostic examinations does not derive from the 'accepted conditions.' Petitioners point to [*SAIF v. Swartz*, 247 Or App 515, 525, 270 P3d 335 (2011)], which they urge us to read as establishing the proposition that whether treatment is compensable is determined by reference to the 'accepted conditions.' As we recently explained in *Brown v. SAIF*, 262 Or App 640, 325P3d 640 (2014), however, the terms 'compensable injury' and 'accepted condition' are not interchangeable. It is the former term that the legislature used in ORS 656.245(1)(a) to define what medical services are compensable by the insurer. As it relates to payment for diagnostic procedures for conditions not yet discovered, the distinction between a compensable injury and an accepted condition can have no greater significance. As we explained in *Brown*, that is not the scheme created by the legislature."

*Carlos-Macias*, 262 Or App at 637.

Here, the board's order concluded that "the record does not support a material relationship between the accepted 'lumbar strain' condition and the discogram. Accordingly, we affirm." It is thus patent that the board applied the incorrect legal standard; under *Carlos-Macias*, the proper point of reference is the proposed medical diagnostic's relationship to claimant's compensable injury. It follows from that conclusion that claimant is entitled to a new compensability determination under the proper legal analysis.

Reversed and remanded.