ARMSTRONG, P.J.
*802 This workers' compensation case is on remand from the Supreme Court for reconsideration in light of Brown v. SAIF , 361 Or. 241, 272, 391 P.3d 773 (2017) ( Brown II ). As explained in our original opinion, SAIF v. Carlos-Macias , 262 Or. App. 629, 631, 325 P.3d 827 (2014), claimant compensably injured his left shoulder. SAIF accepted a left shoulder strain and rotator cuff tendinosis and paid for surgery. The dispute on judicial review arose when claimant's orthopedist recommended diagnostic tests to determine the cause of claimant's continued symptoms. Ultimately, the Workers' Compensation Board determined that the requested diagnostic services were compensable under ORS 656.245(1)(a), and employer Sherman Paint & Collision and SAIF sought review, asserting that there was no causal relationship between the requested services and claimant's accepted conditions.
*55 In our original opinion, we affirmed the board's order and upheld the board's determination that the diagnostic services were necessitated by the accepted conditions. Carlos-Macias , 262 Or. App. at 638-39, 325 P.3d 827. We also held, citing our opinion in Brown v. SAIF , 262 Or. App. 640, 325 P.3d 834 (2014) ( Brown I ), that the requested diagnostic services were compensable because they were related to claimant's "compensable injury," which we understood in Brown I to be a reference to the work-related injury incident, rather than the accepted condition. We rejected employer's and SAIF's contention that the compensability of diagnostic services is determined by reference to the "accepted condition." Carlos-Macias , 262 Or. App. at 637, 325 P.3d 827.
SAIF petitioned for review of our opinion, and the Supreme Court has remanded the case to us for reconsideration in light of its opinion in Brown II , in which it reversed our decision in Brown I and determined that "compensable injury," as used in ORS 656.005(7)(a)(B), refers to the medical condition or disability previously accepted. The court in Brown II explicitly expressed no opinion on whether its conclusion regarding the meaning of "compensable injury" in ORS 656.005(7)(a)(B) applies to the meaning of "compensable injury" in ORS 656.245, stating that the question was *803 pending and depended "on the careful construction of the relevant terms of the applicable statute." 361 Or. at 282, 391 P.3d 773. The question on remand concerns that issue.
In our recent opinion in Garcia-Solis v. Farmers Ins. Co. , 288 Or. App. 1, 403 P.3d 803 (2017), we addressed that same issue, concluding, in essence, that the Supreme Court's decision in Brown II implicitly overturned our original construction of ORS 626.245 in this case, and that "compensable injury," as used in ORS 656.245, has the same meaning that it does in ORS 656.005(7)(a)(B). We noted that, before our opinion in Brown I and the cases that followed it, see, e.g. , Carlos-Macias ; Easton v. SAIF , 264 Or. App. 147, 331 P.3d 1035 (2014), our case law had long held that diagnostic testing is compensable if its purpose is to determine the cause or extent of a compensable injury. Garcia-Solis , 288 Or. App. at 4, 403 P.3d 803. We cited our opinion in Roseburg Forest Products v. Langley , 156 Or. App. 454, 463, 965 P.2d 477 (1998), in support of the conclusion that diagnostic services are compensable for the purpose of determining the cause or extent of the original compensable injury but not for the purpose of establishing the compensability of a new or consequential condition. Garcia-Solis , 288 Or. App. at 5, 403 P.3d 803. And we concluded in Garcia-Solis that diagnostic services are compensable under ORS 656.245 only if they relate to an already-accepted injury or condition.
Here, after reviewing the relevant terms of the applicable statutes, we again reach the same conclusion. ORS 656.003 provides that the definitions given in ORS chapter 656 govern the construction of the defined terms in that chapter, except "where the context otherwise requires." ORS 656.005(7) defines "compensable injury" for purposes of ORS chapter 656. In Brown II , the Supreme Court determined that "compensable injury," as defined in ORS 656.005(7)(a), refers to the accepted injury. As the court explained, "[a]lthough the original definition of 'compensable injury' in ORS 656.005(7)(a) did not explicitly link the term with acceptance, * * * the courts long have supplied that very link." Brown II , 361 Or. at 273, 391 P.3d 773. An example of that link that the court discussed in Brown II is SAIF v. Sprague , 346 Or. 661, 673-75, 217 P.3d 644 (2009), in which the court in Brown II interpreted to "plainly refer" to "compensable *804 injury" as used in ORS 656.245 as a reference to "the previously accepted medical condition." Brown II , 361 Or. at 276, 391 P.3d 773. The court in Brown II also referred to statutory context and legislative history in support of its conclusion about the meaning of compensable injury in ORS 656.005(7)(a).
We have reviewed the statutes cited as context by claimant and reject claimant's contention that they require that the term "compensable injury" be given a different meaning in ORS 656.245 from its meaning in *56 ORS 656.005(7)(a).[1] We conclude, therefore, that, as used in ORS 656.245, the compensable injury is the accepted injury. We therefore withdraw our conclusion in our original opinion at 262 Or. App. at 637, 325 P.3d 827, in which we relied on Brown I to reject SAIF's contention that the compensability of diagnostic services is determined by reference to the "accepted condition."
However, for the reasons expressed in our original opinion, 262 Or. App. at 638-39, 325 P.3d 827, we nonetheless affirm the board's order determining that the diagnostic services were compensable because they were necessary to determine the extent of claimant's disability from his accepted conditions.
Affirmed.

Claimant points out, for example, that ORS 656.245(1)(c)(H) provides that, after the worker's condition is medically stationary, "[s]ervices that are necessary to diagnose the worker's condition" continue to be compensable. In SAIF v. Swartz , 247 Or. App. 515, 526, 270 P.3d 335 (2011), and SAIF v. Martinez , 219 Or. App. 182, 190, 182 P.3d 873 (2008), we adhered to our interpretation that that subparagraph refers to diagnostic services to determine the extent of the worker's accepted injury.