EGAN, C.J.
*704 Claimant seeks review of an order of the Workers' Compensation Board upholding SAIF's denial of her injury claim for medical services for a left elbow condition. We review the board's order for substantial evidence and error of law, ORS 183.482(8), ORS 656.298(7), conclude that the board did not err, and therefore affirm.
Claimant works for employer as a sign language interpreter. While interpreting for a class, claimant felt something "tweak" in her arm and began to experience pain in her elbow. Medical evidence shows that claimant's elbow pain, although first experienced while claimant was "signing," was a symptom of conditions that developed over time (medial epicondylitis and ulnar neuropathy ) that were not caused by claimant's work activity.
Claimant pursued her claim on an injury theory, seeking compensation for the treatment of her elbow condition. The board determined that claimant's claim should properly be analyzed as an occupational disease and rejected it, finding that there was insufficient proof of an occupational disease.[1]
On judicial review, claimant contends that the board mistakenly jumped to determine the nature of claimant's "condition," without first determining whether it was compensable as an injury. Claimant asserts that, irrespective of the conditions underlying her symptoms, claimant's work event constituted an injury, as defined in ORS 656.005 (7)(a), and that the board mistakenly focused on the cause of claimant's symptoms rather than on the compensability of the work injury. In claimant's view, the only question that should have been addressed was whether the incident at work was a material cause of the need for treatment of the elbow condition; if so, claimant contends, the claim is compensable as an injury.
*705 Claimant's approach is not consistent with our case law and would require a departure from the way claims are traditionally analyzed. The board is required in its analysis of a claim to apply the correct legal standard, and to do so, it must determine the nature of the claim. It is within the board's authority to determine that a claim brought on an injury theory is properly characterized as an occupational disease claim. DiBrito v. SAIF , 319 Or. 244, 248, 875 P.2d 459 (1994) ("[I]n reviewing the record of a workers' compensation claim, the Board's first task is to determine which provisions of the Workers' Compensation Law are applicable."); see Clark v. Erdman Meat Packing , 88 Or.App. 1, 4-5, 744 P.2d 255 (1987), rev. den. , 305 Or. 102, 750 P.2d 496 (1988) ; O'Neal v. Sisters of Providence , 22 Or.App. 9, 12-13, 537 P.2d 580 (1975) (ultimate decision as to compensability turns on whether the claimant's condition is properly characterized as an injury or an *390 occupational disease). Claimant's approach would bypass that preliminary step. It is true that claimant has not pursued an occupational disease theory of compensability, but the fact that she pursues only an injury theory does not obviate the need to determine whether the symptoms for which she seeks compensation have their origin in an "injury." The medical evidence demonstrates that they do not. Rather, the medical evidence supports the board's finding that claimant's symptoms were caused by preexisting conditions in her elbow and shoulder.
Citing this court's opinion in Brown v. SAIF , 262 Or.App. 640, 325 P.3d 834 (2014), rev'd , 361 Or. 241, 391 P.3d 773 (2017), claimant contends that, in order to determine whether she has suffered a compensable injury, there is no reason to explore the nature of her "condition"; the fact of an "injurious event" at work causing symptoms and requiring treatment is sufficient, in her view, to establish an "injury" under ORS 656.005(7) ("A 'compensable injury' is an accidental injury, or accidental injury to prosthetic appliances, arising out of and in the course of employment requiring medical services or resulting in disability or death."). The Supreme Court reversed our opinion in Brown , but that is not the reason why we conclude the board was correct here.
*706 Although, as claimant contends, she need not establish a "condition" in order to obtain compensation, claimant's symptoms cannot be segregated from the condition that caused them. When, as here, the medical evidence identifies a condition causing the claimant's symptoms and establishes that the condition developed gradually over time, the claimant has not experienced an injury, and the claim must be analyzed as an occupational disease. Luton v. Willamette Valley Rehabilitation Center , 272 Or.App. 487, 490, 356 P.3d 150 (2015) ("Whether a claim is most appropriately analyzed as one for an occupational disease or an injury turns on whether the 'condition' is traceable to a discrete period or developed gradually over time."); Smirnoff v. SAIF , 188 Or.App. 438, 449, 72 P.3d 118 (2003) (In determining whether a claim is for an injury or an occupational disease, "the proper inquiry is whether the condition itself, not its symptoms, occurred gradually, rather than suddenly"). The board did not err in so concluding.
Claimant is correct that she does not need to elect a particular theory of the case and can have both an occupational disease and an injury. Million v. SAIF , 45 Or.App. 1097, 1103, 610 P.2d 285, rev. den. , 289 Or. 337 (1980). But to prevail on a claim, there must be evidence in support of the claimant's chosen theory. Here, the medical evidence in the record requires the conclusion that the medical services for which claimant seeks compensation are for treatment of "diseases" (medial epicondylitis and ulnar neuropathy ) rather than an injury. Further, substantial evidence supports the board's determination that the work incident was not the major contributing cause of the need for treatment.
Affirmed.

Under ORS 656.802, if the occupational disease is based on the worsening of a preexisting condition, "the worker must prove that employment conditions were the major contributing cause of the * * * pathological worsening of the disease."